Argued March 7, affirmed May 23, 1978

McGRAW, *Appellant,*

*v.*

GWINNER et al, *Defendants,*

OREGON INSURANCE GUARANTY

ASSOCIATION, *Respondent.*

(No. 30979, SC 25371)

578 P2d 1250

Karen C. Allan, Medford, argued the cause for appellant. On the brief was James L. Sutherland, of Frohnmayer & Deatherage, Medford.

Austin W. Crow, Jr., Portland, argued the cause for respondent. With him on the brief was Cosgrave & Kester, Portland.

Before Denecke, Chief Justice, Holman and Lent, Justices, and Thornton, Justice Pro Tempore.

DENECKE, C. J.

[ 393 ]

## DENECKE, C. J.

The plaintiff allegedly negligently injured the defendant Gwinner. Gwinner sued plaintiff. Plaintiff's insurer became insolvent and the defendant Oregon Insurance Guaranty Association (OIGA) became plaintiff's insurer by operation of statute. ORS 734.570.[1] OIGA refused to defend plaintiff in the action brought by Gwinner.[2]

Plaintiff filed this declaratory judgment action seeking a declaration that OIGA was obligated to defend him and in the event Gwinner recovered a judgment against the plaintiff that OIGA was obligated to pay such judgment up to the limits of plaintiff's policy.

The trial court held for the plaintiff on both contentions. However, the trial court denied plaintiff's request for attorney fees.

OIGA contends that no attorney fees are payable because plaintiff failed to satisfy the condition that a money judgment is required under the statute. ORS 743.114.[3]

---

[1] ORS 734.570(2):

"[OIGA shall:] be the insurer to the extent of the association's obligation on coveree claims and to such an extent have all the rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent."

[2] The reason OIGA refused to defend was because Gwinner had uninsured motorist coverage and under the applicable statutes the priority between OIGA's coverage and the uninsured motorist coverage was in doubt. The trial court determined that priority and that part of its decisions is not in issue on appeal. The priority has now been clarified by the 1977 legislature. ORS 734.640(3).

[3] ORS 743.114:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

We have decided several cases involving different facets of this issue. *First National Bank v. Malady,* 242 Or 353, 360, 408 P2d 724 (1966), was a declaratory judgment proceeding initiated by a liability insurance company to determine its coverage for an accident. William J. Masters, as representative of Russell Sheets, deceased, was named a defendant. Sheets was a possible omnibus insured of the insurer and possibly liable for the accident. The insurance company was found to have coverage. Masters sought attorney fees. We denied his claim stating: "We can find no basis for the allowance of attorney fees. It is apparent that ORS 736.325 [now ORS 743.114] does not apply to this case." 242 Or at 360.

*Oregon Mutual Ins. v. Hollopeter,* 251 Or 619, 447 P2d 391 (1968), was a declaratory judgment proceeding brought by the liability insurer. We affirmed the trial court's judgment that the insurer covered the defendant Hollopeters. No attorney fees were sought. The Hollopeters then filed a lawsuit against their insurer seeking reimbursement for collision damage to their automobile, medical expenses and attorney fees in the action for reimbursement and in the earlier declaratory judgment proceeding. We affirmed a judgment for collision damage, medical expenses and attorney fees in the reimbursement action but reversed an allowance of fees in the previous declaratory judgment proceeding. In that case, *Hollopeter v. Oregon Mutual Ins.,* 255 Or 73, 464 P2d 316 (1970), we stated:

> "Plaintiff concedes he had no right to attorney fees in the declaratory judgment proceeding and we have so held. *First National Bank v. Malady,* 242 Or 353, 360, 409 P2d 724 (1966). Nevertheless, plaintiff contends that he is entitled to collect the attorney fees incurred in the declaratory judgment proceeding in the present action. The above-quoted statute only provides for the recovery of attorney fees incurred in an action brought to recover amounts due under the policy and not for attorney fees incurred in some other proceeding. That part of the

judgment awarding attorney fees for services rendered in the declaratory judgment proceeding is deleted." 255 Or at 75.

*Hardware Mut. Cas. v. Farmers Ins.,* 256 Or 599, 474 P2d 316 (1970), was a declaratory judgment proceeding instituted by the liability carrier. Hardware Mutual insured World Wide Dodge. One Bonsor, while driving a World Wide Dodge vehicle injured Grace Beliel who sued Bonsor and recovered judgment against him. Bonsor and Beliel were defendants in the declaratory judgment proceeding and counterclaimed for the unpaid portion of Beliel's judgment against Bonsor. The trial court held Bonsor was covered by Hardware Mutual and entered a money judgment for Bonsor against Hardware Mutual and ordered the money paid into court to be paid to Beliel in satisfaction of her judgment against Bonsor. The trial court, however, denied Bonsor's and Beliel's claim for attorney fees because this was a declaratory judgment proceeding. We reversed the denial of attorney fees. We noted that *Williams v. Stockman's Life Ins.,* 250 Or 160, 441 P2d 608 (1968), was a declaratory judgment proceeding in which the insured was awarded attorney fees. We stated:

"* * * The distinction between *Malady* and *Williams* is not that one was a declaratory judgment proceeding and the other was not, but rather that in Malady there was no recovery under the contract but a declaration of rights only, while in *Williams* there was a recovery in an action on the policy as required by the statute. See, also, *Continental Casualty Company v. Reinhardt,* 284 FS 687 (D Or 1967).

"In *Hollopeter v. Oregon Mutual Ins. Co.,* 255 Or 73, 464 P2d 316 (1970), we said again that a defendant insured is not entitled to attorney fees when he prevails in a declaratory judgment proceeding brought by his insurer to test coverage. As in *Malady,* there was no counterclaim by the insured and no money judgment in the declaratory judgment case. * * *." 256 Or at 610-611.

In *Hartford v. Aetna/Mt. Hood Radio,* 270 Or 226, 236, 527 P2d 406 (1974), the plaintiff instituted a declaratory judgment proceeding to determine whether it had coverage and, if so, the amounts it and other concerned insurance companies were obligated to pay for damage to the insured's television tower. One defendant, Western Fire Insurance Company, denied it had any coverage. Prior to suit Hartford and Western paid the insured amounts equaling the highest amount for which they might be liable. However, the payments were made pursuant to a loan receipt agreement which provided that the insurer's liability could be litigated and the insured would have to repay any amounts which the court found the insurers were not obligated to pay. The insured, Mt. Hood Radio, contended Hartford and Western both had coverage and also asked for attorney fees and interest on moneys which became due from the insurers, interest to run from the date the moneys should have been paid to the date the moneys were paid pursuant to the loan receipt.

We reversed the trial court and held attorney fees and interest were payable. We reasoned:

"* * * Mt. Hood was forced to appear in the declaratory judgment proceeding to establish the liability of both Hartford and Western under the binders and to establish its right to interest and attorney fees on the amounts due to it by both Hartford and Western. Since Mt. Hood did appear and establish that Hartford's binder of February 4, 1971 was in full force and effect and that Western's binder was in full force and effect to the extent of $300,000 it should be entitled to attorney fees for establishing its claims against both Hartford and Western. The right to attorney fees is not defeated by juxtaposition of the parties. If Hartford and Western had merely refused to pay and Mt. Hood had sued and recovered on the Hartford and Western binders it would clearly have been entitled to attorney fees under ORS 743.114. The liability for attorney fees cannot be avoided merely because the litigation was cast in the form of a declaratory judgment proceeding. * * *." 270 Or at 236-237.

We cited *Hardware Mut. Cas. v. Farmers Ins.,* *supra* (256 Or 599), in support of these statements, but did not cite *Malady* or *Hollopeter* or allude to the distinction made in *Hardware Mutual* between *Hardware Mutual* and *Malady* and *Hollopeter.* We now conclude either that *Hartford* changed the law without expressing the change or that in *Hartford* we were of the opinion that the insured's judgment for interest was a sufficient "plaintiff's recovery" to invoke the statute providing for attorney fees. Admittedly, we did not articulate this latter rationale.

In our most recent review of these decisions, we impliedly accepted the view that *Hartford* rested the insured's recovery on its counterclaim for interest. *Travelers Insurance Co. v. Plummer,* 278 Or 387, 391, 563 P2d 1218 (1977):

> "* * * On its face, ORS 743.114 was designed to protect a claimant under an insurance policy who has had to sue to recover on a properly filed claim for more than his insurer offers to pay. Thus the text presupposes that the insured has been the plaintiff and that he has gained a recovery against the insurer. However, the reach of the statute has been extended beyond its literal words where the position of the parties was functionally the same though procedurally different. Attorney fees have been allowed by virtue of ORS 743.114 even though the litigation was initiated by the insurer as plaintiff seeking a declaratory judgment when the insured, as defendant, recovered on a counterclaim. *Hardware Mutual Cas. Co. v. Farmers Ins. Exch.,* 256 Or 599, 474 P2d 316 (1970), followed in *Hartford Fire Ins. Co. v. Aetna Ins. Co./Mt. Hood Radio & Tel. Bdcst. Corp.,* 270 Or 226, 527 P2d 406 (1974). The statute has been held not to allow attorney fees in a declaratory judgment action brought by the insurer even if the defendant insured prevailed, as long as the insured did not in turn gain a recovery in that litigation. *First National Bank v. Malady,* 242 Or 353, 409 P2d 724 (1966). *Hollopeter v. Oregon Mutual Insurance Co.,* 255 Or 73, 464 P2d 316 (1970); cf. *Continental Cas. Co. v. Reinhardt,* 284 FS 687 (Or 1967). In short, the claimant under an insurance policy is entitled to the statutory attorney fees if he

establishes a claim for more than the tendered amount on his initiative, either as a plaintiff or as a defendant who emerges with a money 'recovery' in his favor." 278 Or at 391.

We adhere to the proposition that in order to secure attorney fees pursuant to ORS 743.114, the insured must recover a money judgment against the insurer; it is not sufficient that the insured establish coverage which may in turn lead to a subsequent recovery of money. That proposition was clearly the law until our decision in *Hartford.* That also is clearly a requirement of the statute. ORS 743.114 provides that an insured has a right to attorney fees when he can establish that "the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action * * *."

If the claim of the insured has not progressed to the stage where the insured can request and secure a money judgment against the insurer, the legislature did not contemplate that attorney fees were awardable.

Affirmed.