Filed: November 10, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON

ZRZ REALTY COMPANY,
an Oregon corporation,
for itself and as trustee of the ZIDELL REMEDIATION FUNDING TRUST,
an Oregon trust;
ZIDELL MARINE CORPORATION,
a Washington corporation;
TUBE FORGINGS OF AMERICA, INC.,
an Oregon corporation;
and PON EXPLORATION, INC.,
a Delaware corporation,
fka Zidell Explorations, Inc.,
an Oregon Corporation,

Petitioners on Review,

v.

BENEFICIAL FIRE AND CASUALTY INSURANCE COMPANY,
succeeded in interest by J.C. Penney Life Insurance Company, et. al.,

Defendant,

and

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,
and CERTAIN LONDON MARKET INSURANCE COMPANIES,
aka "Lloyds,"
including the following defendant companies:
ASSICURAZIONI GENERALI S.P.A.,
INSURANCE COMPANY OF NORTH AMERICA (UK) LTD.,
COMMERCIAL UNION ASSURANCE COMPANY, PLC,
EDINBURGH ASSURANCE COMPANY, LTD.,
OCEAN MARINE INSURANCE COMPANY, LTD.,
WORLD AUXILIARY INSURANCE CORPORATION, LTD.,
CORNHILL INSURANCE COMPANY, LTD.,
DOMINION INSURANCE COMPANY, LTD.,
EAGLE STAR INSURANCE COMPANY LTD.,
THE THREADNEEDLE INSURANCE COMPANY LTD.,
EXCESS INSURANCE COMPANY LTD.,
LONDON & EDINBURGH GENERAL INSURANCE COMPANY LTD.,
NEW ZEALAND INSURANCE COMPANY, LTD.,

ROAD TRANSPORT & GENERAL INSURANCE COMPANY, LTD.,
SOUTH BRITISH INSURANCE COMPANY, LTD.,
ULSTER MARINE INSURANCE COMPANY, LTD.,
THE UNITED SCOTTISH INSURANCE COMPANY, LTD.,
YORKSHIRE INSURANCE COMPANY, LTD.,
HANSA RE & MARINE INSURANCE COMPANY (UK) LTD.,
LA REUNION FRANCAISE (UK) LTD.,
ECONOMIC INSURANCE COMPANY LTD.,
NORWICH UNION FIRE INSURANCE SOCIETY, LTD.,
FIREMEN'S INSURANCE COMPANY OF NEWARK NEW JERSEY,
SWISS UNION GENERAL INSURANCE COMPANY, LTD.,
LEADENHALL INSURANCE COMPANY, LTD.,
BISHOPGATE INSURANCE COMPANY, LTD.,
HOME INSURANCE COMPANY,
NIPPON FIRE & MARINE INSURANCE COMPANY (UK), LTD.,
SWITZERLAND GENERAL INSURANCE COMPANY, LTD.,
RIVER THAMES INSURANCE COMPANY, LTD.,
ROYAL INSURANCE COMPANY, LTD.,
BRITISH FIRE INSURANCE COMPANY, LTD.,
BRITISH & FOREIGN INSURANCE COMPANY, LTD.,
NATIONAL PROVINCIAL INSURANCE COMPANY, LTD.,
THE SCOTTISH LION INSURANCE COMPANY, LTD.,
SKANDIA MARINE INSURANCE  COMPANY (UK), LTD.,
DRAKE INSURANCE COMPANY, LTD.,
SPHERE INSURANCE COMPANY, LTD.,
SPHERE DRAKE INSURANCE COMPANY PLC,
ALLIANCE ASSURANCE COMPANY, LTD.,
BRITISH LAW INSURANCE COMPANY, LTD.,
and  CONTINENTAL ASSURANCE COMPANY OF LONDON, LTD.,
LIVERPOOL MARINE & GENERAL INSURANCE COMPANY, LTD.,
PHOENIX ASSURANCE COMPANY, LTD.,
FINE ART & GENERAL INSURANCE COMPANY, LTD.,
ANGLO-FRENCH INSURANCE COMPANY, LTD.,
BALOISE MARINE INSURANCE COMPANY, LTD.,
BALTICA INSURANCE COMPANY (UK), LTD.,
FUJI FIRE & MARINE INSURANCE COMPANY, (UK), LTD.,
R.W. GIBBON GROUP,
LA PRESERVATRICE GROUP, SWITZERLAND
GENERAL INSURANCE COMPANY (LONDON), LTD.,
YASUDA FIRE & MARINE INSURANCE COMPANY, LTD.,
IRON TRADES MUTUAL INSURANCE COMPANY, LTD.,
MINSTER INSURANCE COMPANY, LTD.,
RELIANCE INSURANCE COMPANY,

SIRIUS (UK) INSURANCE PLC,
INDEMNITY MARINE ASSURANCE COMPANY, LTD.,
LONDON & HULL MARITIME INSURANCE COMPANY, LTD.,
AND ASSOCIATED COMPANIES,
C.A. PARR AGENCIES, LTD.,
SUN INSURANCE OFFICE,
MARINE INSURANCE COMPANY, LIMITED,
and SUMITOMO MARINE & FIRE INSURANCE COMPANY, LIMITED,

Respondents on Review.

(CC 9708-06226; CA A121145; SC S057155)

En Banc

On petitioners on review's petition for attorney fees, filed January 5, 2011; considered and under advisement September 8, 2011.

Bruce L. Campbell, Miller Nash LLP, Portland, filed the petition for attorney fees and the reply for petitioners on review. With him on the petition and reply was Heather K. Cavanaugh.

Thomas W. Sondag, Lane Powell PC, Portland, filed the objection to petitioners' fee petition for respondents on review. With him on the objection was John Folawn, Folawn Alterman & Richardson LLP, Portland.

KISTLER, J.

The petition for attorney fees is allowed. Petitioners on review are awarded $40,858.50 for their attorney fees before the Court of Appeals and the Supreme Court.

KISTLER, J.

Pursuant to ORS 742.061, plaintiffs (Zidell) have petitioned to recover attorney fees that they incurred before this court and the Court of Appeals. Defendants (London) have objected to Zidell's fee request on three grounds. London contends that, as a result of a 2005 amendment to ORS 742.001, Zidell may not recover any fees that it incurred after the effective date of that amendment. Alternatively, London argues that Zidell is entitled to fees only for work that it did to establish London's duty to defend. Finally, London argues that the billing records that Zidell submitted do not support its fee request. We hold that, to the extent the 2005 amendment applies to ORS 742.061, that amendment does not apply to actions filed before its effective date. We also hold that, at this stage of the litigation, Zidell may recover the attorney fees that it incurred to establish London's duty to defend and to prepare the fee petition.

Zidell bases its fee request on ORS 742.061, which provides, in part:

"[I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

By its terms, ORS 742.061 applies to "any policy of insurance of any kind or nature." London notes, however, that in 2005 the legislature amended ORS 742.001 to except surplus lines insurance policies from the requirements of ORS chapter 742.[1] London

---

[1] As amended in 2005, ORS 742.001 provides that "[t]his chapter * * * appl[ies] to all insurance policies delivered or issued for delivery in this state except * * * [s]urplus lines insurance policies."

1

argues that the policies in this case are "surplus lines insurance policies"[2] and that, as a result of the 2005 amendment to ORS 742.001, ORS 742.061 does not authorize Zidell to recover any attorney fees that it incurred after the effective date of the amendment. Zidell responds that the 2005 amendment does not apply to actions filed before its effective date.[3]

In this case, both parties argue that the 2005 act applies prospectively. They differ over the event to which the 2005 act prospectively applies. London argues that the act applies prospectively to fees incurred after its effective date, while Zidell argues that it applies prospectively only to actions filed after its effective date. In resolving the parties' dispute, we look initially to the text, context, and legislative history of the 2005 act. *See Whipple v. Howser*, 291 Or 475, 480, 632 P2d 782 (1981); *cf. Spicer v. Benefit Ass'n of Ry. Emp.*, 142 Or 574, 593, 17 P2d 1107, 21 P2d 187 (1933) (following an express legislative direction that an amendment authorizing attorney fees on appeal for the predecessor to ORS 742.061 did not apply to actions filed before the

---

[2]   Generally, if insurers admitted to do business in this state do not offer coverage for in-state risks, some brokers (surplus lines licensees) can place the coverage for those risks (surplus lines insurance) with insurers who are not authorized to do business in Oregon and who are eligible to accept such insurance. *See* ORS 731.144 (defining "surplus lines insurance"); ORS 735.405(3), (6), and (9) (defining respectively "eligible surplus lines insurer," "nonadmitted insurer," and "surplus lines licensee").

[3]   We note that the 2005 amendment to ORS 742.001, which excepts surplus lines insurance generally from several chapters of the revised statutes, is at odds with the more specific terms of ORS 742.061, which applies to "any policy of insurance of any kind or nature." Zidell does not argue, however, that the specific controls over the general. Rather, it assumes that the later-amended statute controls over the earlier-enacted one but argues that the later amendment does not apply to this action. For the reasons explained below, we conclude that, even assuming the 2005 amendment controls, it does not apply to actions, such as this one, filed before its effective date.

2

amendment's effective date). Those usual sources of legislative intent provide no help here, however. Nothing in the text, context, or legislative history of the 2005 act addresses whether that act applies prospectively or retroactively. *See* Or Laws 2005, ch 185; Minutes, HB 2160, Senate Business and Economic Development Committee, May 10, 2005.[4]

In the absence of guidance from those sources, this court "ordinarily [has] decline[d] to construe a legislative amendment to have a retrospective effect if to do so would 'impair existing rights, create new obligations or impose additional duties with respect to past transactions.'" *Black v. Arizala*, 337 Or 250, 271, 95 P3d 1109 (2004) (quoting *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 539 n 7, 577 P2d 477, *cert den*, 439 US 1051 (1978)); *accord Joseph v. Lowery*, 261 Or 545, 551-52, 495 P2d 273 (1972). In considering that issue, we note that this court explained more than 80 years ago that the predecessor to ORS 742.061 was intended "to protect an insured who has suffered a loss from annoying and expensive litigation." *Murray v. Firemen's Ins. Co.*, 121 Or 165, 172, 254 P 817 (1927). Accordingly, this court recognized that an insured could allege a claim for attorney fees under the predecessor to ORS 742.061 if the insured had filed a proof of loss and if the insurer had not settled within the statutory

---

[4] House Bill 2160 made technical changes to the insurance code. As initially proposed, the bill did not address surplus lines insurance. It was amended late in the session to "[c]larify when the Insurance Code applies and does not apply to surplus lines." *See* Statement of Joel Ario, HB 2160, Senate Business and Economic Development Committee, May 10, 2005, Exhibit K (stating the purpose of the surplus insurance lines amendments to the bill). Nothing in the legislative history addresses whether or how the amendments to HB 2160 regarding surplus lines policies would apply to claims for attorney fees under ORS 742.061.

3

time period, forcing the insured to bring an action on the policy and incur attorney fees. *Id.* at 170-71.[5] To be sure, then as now, an insured's fee claim was not perfected until he or she recovered more than the insurer had tendered. *Compare* Oregon Laws, title XXXVI, ch I, § 6355 (1920) (imposing that requirement), *with* ORS 742.061 (same). However, this court reasoned that the insured's rights under the attorney fee statute attached once the insurer's failure to settle within the requisite time period caused the insured to bring an action to enforce his or her rights under the policy. *Murray*, 121 Or at 170-71.

It follows, we think, that Zidell's right to seek fees at trial and on appeal under ORS 742.061 attached when London failed to settle within six months of Zidell's proof of loss, forcing Zidell to bring this action and incur fees to establish its rights under the policies that London had issued. It also follows that applying the 2005 act retroactively to actions filed before the act's effective date would impair that right. Following *Black*, we hold that, even assuming the 2005 act excepts actions brought on surplus lines insurance policies from the scope of ORS 742.061, that act does not apply to

---

[5] In *Murray*, approximately two months after filing a proof of loss, the insured filed a complaint alleging a right to recover on the policy and also a claim for attorney fees under the predecessor to ORS 742.061. *See* 121 Or at 169-70. At that time, the statute provided for fees only if the insurer had not settled within eight months of filing the proof of loss and if the insured recovered more than the insurer had tendered. Oregon Laws, title XXXVI, ch I, § 6355 (1920). Regarding attorney fees, this court observed that the insured's fee claim was premature because the insured filed his complaint within eight months of filing the proof of loss. *Id.* at 171. The insurer, however, had not objected on that ground, and the court held that, in those circumstances, "plaintiff ought not to be made to wait the full period of eight months after filing proof" to bring a fee claim. *Id.* at 172.

4

actions, such as this one, filed before the act's effective date -- a holding that is consistent with the legislature's direction when it addressed a virtually identical issue 80 years ago. *See Spicer*, 142 Or at 593 (noting the legislature's statement that an amendment authorizing attorney fees on appeal for the predecessor to ORS 742.061 would not apply to actions filed before the amendment's effective date).

Our holding is limited to the relationship between the 2005 amendment to ORS 742.001 and ORS 742.061. We express no opinion on how the 2005 amendment to ORS 742.001 applies to the various other provisions found in ORS chapter 742. As Justice Linde observed in *Whipple*, "[r]esponsible attention to the significance to be attached to past events cannot be compressed into some simple formula to serve legislation of all kinds. Too many different past events and too many potential legal consequences are relevant for different kinds of laws" to announce a single formula that would determine how the 2005 amendment to ORS 742.001 applies to all the various provisions of chapter 742. *See id.* at 489 (Linde, J., concurring) (stating general proposition).

Having concluded that the 2005 amendment does not bar Zidell from recovering fees that it incurred on appeal, we turn to the second issue that London raises: whether Zidell may recover fees that it incurred to establish London's duty to indemnify, as well as the fees that it incurred to establish London's duty to defend. To put that issue in perspective, it is helpful to recount briefly the posture in which the issue arises. The Oregon Department of Environmental Quality (DEQ) issued a notice to Zidell that it was potentially responsible for cleaning up environmental damages resulting from its

business.  *See [ZRZ Realty v. Beneficial Fire and Casualty Ins.](#)*, 349 Or 117, 125, 241 P3d 710 (2010).  When London refused to defend Zidell in response to DEQ's notice or to indemnify it for the costs of remediating any environmental damages, Zidell brought this action claiming that London had breached its contractual obligations under various insurance policies that it had issued to Zidell over the years.  *Id.*  Zidell also sought a declaratory judgment that London had a duty to defend and indemnify it.  *Id.*

The trial court ruled on summary judgment that London had a duty to defend Zidell, *id.*, and it found that London owed Zidell certain defense costs that Zidell had incurred.  *Id* at 149.  The remainder of the trial was devoted to Zidell's declaratory judgment claim that London had a duty to indemnify it for the cost of remediating environmental damages caused by its business.[6]  *Id* at 125.  Because Zidell had not incurred any remediation costs by the time of trial, the trial court's rulings regarding the duty to indemnify were prospective only.  *Id.* at 126 n 10.

After the trial ended, Zidell sought attorney fees under ORS 742.061 for establishing both London's duty to defend and its duty to indemnify.  As noted, ORS 742.061 authorizes an award of fees if (1) the parties to an insurance agreement do not settle within six months from the date that the insured files a proof of loss and (2) the insured's monetary recovery exceeds the amount tendered by the insurer.  The trial court

---

[6]  Much of the trial focused on determining whether Zidell had expected or intended the damages caused by contaminants that were released into the environment as a result of operating Zidell's business.  *See ZRZ Realty*, 349 Or at 125-26.  The trial court developed a series of rules for allocating the costs that Zidell and London would have to bear in remediating those contaminants.  *Id.* at 126 and n 8.

awarded Zidell fees for the work that its attorneys had done to establish London's duty to defend and to recover the defense costs that Zidell had incurred. *Id.* at 148-149. The trial court, however, did not award Zidell fees for the work that its attorneys had done to establish London's duty to indemnify. Because Zidell had not yet recovered any remediation costs, *id.* at 126 n 10, the trial court could not say that Zidell had recovered more remediation costs than London had tendered, as ORS 742.061 requires.

London appealed, and Zidell cross-appealed from the resulting judgment. On the merits, London argued, among other things, that the trial court had erred in allocating the burden of proof on the express and implied fortuity policies. 349 Or at 127. Regarding attorney fees, London argued that the trial court had erred in ruling that a letter that Zidell had sent London constituted a proof of loss within the meaning of ORS 742.061. *Id.* at 149. Alternatively, London argued that, if the Court of Appeals reversed the trial court's judgment on any ground, ORS 20.220 required it to reverse the award of attorney fees as well. *See id.* Zidell cross-appealed on, among other things, the trial court's ruling that Zidell did not have a right to recover fees for the work done on the duty to indemnify.

The Court of Appeals reversed the trial court's ruling allocating the burden of proof on the express fortuity policies and remanded for a new trial on both the express and implied fortuity policies. *See id.* at 126-27, 146. In considering the trial court's fee award, the Court of Appeals agreed with the trial court that Zidell's letter was a proof of loss. *See id.* at 149. However, it reversed the fee award, which was based on the duty to defend, because it had remanded for a new trial. *See id.* Having reversed the fee award,

7

the Court of Appeals did not reach Zidell's cross-appeal arguing that it had a right to fees for work done to establish London's duty to indemnify, as well as London's duty to defend.

On review, we upheld the Court of Appeals decision that the trial court had erred in allocating the burden of proof on the express fortuity policies but held that the case should be remanded for a new trial on only that issue. *Id.* at 132, 146-48. We reversed the Court of Appeals decision vacating the attorney fees that the trial court had awarded Zidell for the work its attorneys had done on the duty to defend. *Id.* at 149-50. On that point, we reasoned:

"According to the trial court, it awarded Zidell only those fees and costs that were attributable to London's breach of its duty to defend. By contrast, the issue that the trial court must retry on remand -- whether Zidell expected or intended the damage resulting from its business activity -- is relevant only to the question whether London has a duty to indemnify Zidell under the various express fortuity policies that London issued.

"This court has long recognized that '[t]he duty to indemnify is independent of the duty to defend.' *Ledford*, 319 Or at 403. An insurer may have a duty to defend its insured, as the trial court found here, but no duty to indemnify. It follows that, even if the trial court finds on remand that London had no duty to indemnify Zidell under the express fortuity policies, that ruling would have no effect on either the trial court's ruling that London had a duty to defend Zidell in DEQ's enforcement action or the trial court's conclusion that ORS 742.061 authorized Zidell to recover attorney fees it incurred in this action in establishing and enforcing London's duty to defend. The Court of Appeals erred in reversing and vacating the fee awards.[31]

_____

[31] Because the part of the trial court's judgment that the Court of Appeals reversed does not relate to the awards of attorney fees, ORS 20.220(3) did not require the Court of Appeals to reverse and vacate the fee awards."

8

*Id.* (footnote 30 omitted).

In its fee petition, Zidell seeks to recover the fees that it incurred on appeal to establish London's duty to defend and its duty to indemnify. London does not dispute, at least before this court, that it owes Zidell the attorney fees it incurred in establishing the duty to defend and in upholding the trial court's fee award. London argues, however, that Zidell may not recover attorney fees that it incurred to establish London's duty to indemnify. In resolving that issue, we note that this court repeatedly has held that obtaining a declaration that an insurance policy provides coverage for a loss is, without more, insufficient to trigger an insurer's obligation to pay the insured's attorney fees under what is now codified as ORS 742.061. *See McGraw v. Gwinner*, 282 Or 393, 396-400, 578 P2d 1250 (1978) (reviewing cases). An insured also must recover more than the insurer tendered in order to receive fees under that statute. *Id.*

Because Zidell has not yet recovered any indemnification costs from London, it cannot argue that, at this stage of the litigation, it has an independent right to recover fees for establishing London's duty to indemnify it. Zidell, however, advances two reasons why it should nonetheless recover fees related to the duty to indemnify. First, Zidell notes that London argued in the Court of Appeals that, if the trial court had erred in determining that London had a duty to indemnify Zidell, then the Court of Appeals should reverse both the judgment establishing London's duty to indemnify and the trial court's fee award. Zidell reasons that, in light of London's argument, the fees that it incurred on appeal and review defending the trial court's indemnification rulings were reasonably related to preserving the trial court's fee award. It follows, Zidell concludes,

9

that it can recover those fees now.

As we explained in our decision upholding the trial court's fee award, the argument that London advanced (and the Court of Appeals accepted) is at odds with the well-established principle that "'[t]he duty to indemnify is independent of the duty to defend.'" *ZRZ Realty*, 349 Or at 150 (quoting *Ledford v. Gutoski*, 319 Or 397, 403, 877 P2d 80 (1994)). An insurer may have a duty to defend even though it has no duty to indemnify. London was wrong in arguing that, if the Court of Appeals reversed the trial court's rulings regarding the duty to indemnify, then it also had to reverse the trial court's fee award, which was based on the duty to defend. Zidell cannot convert London's mistaken argument into a basis for recovering fees now that it otherwise would have no right to recover at this stage of the litigation.

Zidell advances a second argument that it raised in the trial court (and the trial court rejected) and that it cross-assigned as error in the Court of Appeals (and the Court of Appeals did not reach). Zidell reasons that, if it recovers more than London tendered on one matter (the duty to defend), then ORS 742.061 permits it to recover the fees that it incurred both on that matter and also on other, separate matters. That is true, Zidell reasons, even though it has no independent right to recover fees under ORS 742.061 for those matters.

Zidell cites one case in support of its argument, *Hartford v. Aetna/Mt. Hood Radio*, 270 Or 226, 527 P2d 406 (1974). In that case, the insurer brought a declaratory judgment action to determine its responsibility for a loss (damage to the insured's property), and the insured counterclaimed for monetary damages for failure to pay the

10

full amount of the loss. *Id.* at 228, 235-237. This court held on the declaratory judgment claim that the insurer was responsible for the loss and on the counterclaim that the insurer owed more than it had tendered. *Id.* at 235, 237. This court also awarded the insured fees. *Id.* at 236. As the court later explained in *McGraw*, because the insured in *Hartford* had recovered more on its counterclaim than the insurer had tendered, the insured could recover the attorney fees it incurred both in responding to the insurer's declaratory judgment action and in pursuing the counterclaim. *See McGraw*, 282 Or at 399-400 (explaining *Hartford*).

The decision in *Hartford* does not advance Zidell's argument in this case. In *Hartford*, both the insurer's declaratory judgment claim and the insured's counterclaim involved the same issue -- the insured's obligation to pay the insured for damage to its property. Unlike this case, that decision did not involve a situation in which the insured had established a right to recover fees on one matter (the duty to defend) but had not established a right to recover fees on another, separate matter (the duty to indemnify). There may be cases in which the issues are sufficiently related that an entitlement to fees on one issue will warrant awarding fees for work on related issues. This is not one of those cases, however. As we explained in our previous decision, the matter on which Zidell seeks fees (the duty to indemnify) is independent of the matter on which it is entitled to recover fees (the duty to defend). In these circumstances, we agree with the trial court that, at this stage of the litigation, Zidell may recover only those fees that are related to the duty to defend.

London raises a final issue. It contends that, for the most part, Zidell's

11

billing records are not sufficient for us to determine which fees related to the duty to defend. Zidell's records, however, identify the time that its attorneys spent on the assignments of error in the Court of Appeals related to the trial court's attorney fees award.[7] Zidell also has submitted affidavits from its lead counsel on appeal, which state that, at this stage of the litigation, Zidell seeks only 20 percent of the fees related to upholding the trial court's fee award, or $9,417. According to counsels' affidavits, the remainder of the time devoted to attorney fee issues was spent briefing fee issues that the Court of Appeals did not reach and that remain to be resolved on remand. London has advanced no persuasive reason why we should not award Zidell those fees now.[8]

Zidell also seeks $48,841.50 for the fees that it incurred in preparing the fee petition.[9] London does not dispute that Zidell is entitled to fees for preparing the petition. The only objection that London raises is that the time that Zidell's attorneys spent was excessive. In London's view, Zidell's attorneys could have accomplished the task in six hours. We agree in part with London's objection. Having examined Zidell's billing records, we conclude that Zidell's attorneys reasonably devoted time to researching the legal issues involved in recovering fees, reviewing the substantial record in this case,

---

[7] Because the Court of Appeals reversed the trial court's fee award, Zidell could not have sought to recover attorney fees related to the duty to defend in that court.

[8] Zidell briefed and argued issues related to the trial court's fee award at other stages of this appeal. However, its other billing entries do not identify what part of its time was related to that issue, and counsels' affidavits did not attempt to allocate a portion of those general billing entries to work related to the duty to defend. Our fee award for Zidell's appellate work related to the duty to defend is limited to the amount that Zidell specifically has identified and reflects the adjustment that Zidell has proposed.

[9] Zidell filed a reply to London's objection but has not yet sought fees for the work done on the reply.

12

coordinating with the expert witness who submitted an affidavit in support of Zidell's fee request, and coordinating with the client, the trial attorneys, and co-counsel in New York. We discount, however, the time spent preparing the fee petition by 54.375 hours, in large part because the theories that Zidell raised for recovering fees related to the duty to indemnify did not result in the recovery of those fees. When multiplied by the applicable hourly rate of the attorney who did that work, that discount results in a reduction of Zidell's fee request by $17,400. We accordingly award Zidell $31,441.50 for its attorneys' work on the fee petition and $9,417 for fees for their work on the duty to defend.[10]

We note that our decision today does not preclude Zidell from recovering attorney fees in the future for the work that its attorneys have done both at trial and on appeal to establish London's duty to indemnify if London did not settle with Zidell within six months of Zidell's filing a proof of loss and if Zidell recovers on remand more indemnification costs than London tendered. *See* ORS 742.061.[11] If and when those conditions are met, the trial court may award Zidell reasonable fees for its attorneys' work, both at trial and on appeal, related to establishing London's duty to indemnify it for the cost of remediating the environmental damages caused by the operation of its business.

The petition for attorney fees is allowed. Plaintiffs are awarded $40,858.50

---

[10] Zidell also has sought to recover its costs, and London has objected to Zidell's cost bill. We resolve the cost bill in a separate order.

[11] Our decision also does not preclude the Court of Appeals from awarding Zidell additional fees on remand if appropriate.

for their attorney fees before the Court of Appeals and the Supreme Court.