No. 3        February 2, 2017        791

IN THE SUPREME COURT OF THE
STATE OF OREGON

Cary LONG,
*Petitioner on Review,*

*v.*

FARMERS INSURANCE
COMPANY OF OREGON,
*Respondent on Review.*

(CC 12C23950; CA A156674; SC S063701)

On review from the Court of Appeals.*

Argued and submitted September 19, 2016.

Calvin P. Vance, Law Office of Calvin Vance, Spokane, Washington, argued the cause and filed the brief for petitioner on review. Also on the brief was Kristian Roggendorf, Roggendorf Law LLC, Lake Oswego.

Francis J. Maloney, Maloney Lauersdorf Reiner PC, Portland, argued the cause and filed the brief for respondent on review. Also on the brief was Janis C. Puracal.

Charles Robinowitz, Law Offices of Charles Robinowitz, Portland, filed the brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Baldwin, and Brewer, Justices, and Sercombe, Judge of the Court of Appeals, Justice pro tempore.**

WALTERS, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court to award attorney fees in accordance with this opinion.

_____

*   Appeal from Marion County Circuit Court, Thomas Hart, Judge. 273 Or App 821, 362 P3d 1215 (2015)

**  Nakamoto, J., did not participate in the consideration or decision of this case.

## WALTERS, J.

ORS 742.061 requires an insurer to pay its insured's attorney fees if, in the insured's action against the insurer, the insured obtains a "recovery" that exceeds the amount of any tender made by the insurer within six months from the date that the insured first filed proof of a loss. In this case, we decide that, when an insured files an action against an insurer to recover sums owing on an insurance policy and the insurer subsequently pays the insured more than the amount of any tender made within six months from the insured's proof of loss, the insured obtains a "recovery" that entitles the insured to an award of reasonable attorney fees.

Although the parties dispute many of the facts in this case, the facts that are essential to our review are not disputed. On December 20, 2011, plaintiff discovered a leak under her kitchen sink, which had caused extensive damage to her home, and filed a claim with her insurer, Farmers Insurance Company of Oregon (Farmers). On January 17, 2012, Farmers voluntarily paid plaintiff a sum that it determined constituted the actual cash value of plaintiff's losses less a deductible—the sum of $3,300.45. At around that time, it also paid plaintiff $2,169.22 in mitigation expenses. On January 17 and 31, 2012, plaintiff submitted to Farmers a proof of loss that included estimates of her mitigation costs and the actual cash value of her losses that far exceeded the sum that Farmers had paid her. Because plaintiff had not yet replaced any of the damaged items, she did not, at that time, submit a proof of loss that included the replacement cost of her losses. A year later, the parties had not resolved plaintiff's claim, and in January 2013, plaintiff initiated this action. In her complaint, plaintiff alleged, among other things, that Farmers had not paid the sums due under her policy of insurance and had failed to submit to an appraisal process that she had demanded. In its answer to plaintiff's complaint, Farmers admitted that plaintiff was entitled to appraisal under the terms of the policy, and the trial court ordered the parties to submit to and complete the appraisal process by July 22, 2013. After the appraisal process was completed, Farmers made two additional voluntary payments to plaintiff. Farmers paid plaintiff the

sum of $2,467.09 on July 11, 2013, and the sum of $4,766.80 on August 14, 2013. Those sums reflected the actual cash value that appraisers had assigned to certain of plaintiff's claimed losses—the losses for which Farmers did not dispute coverage—as well as the appraisers' assessment of plaintiff's mitigation costs.

Six months later, in February 2014, shortly before trial, plaintiff submitted proof of loss for the replacement cost of her losses. Three days later, Farmers voluntarily paid plaintiff a sum that it determined constituted the replacement cost of plaintiff's undisputed losses - $4,214.18. The trial began the next day and was limited to issues that remained in dispute after Farmers' payments. In the end, plaintiff did not recover an amount that was greater than the amount that Farmers had paid, in total, before the trial had begun, and the trial court entered judgment for Farmers. Nevertheless, plaintiff filed a petition for attorney fees under ORS 742.061. Plaintiff argued that the requirements of the statute had been satisfied because she had filed an action against Farmers and thereafter had obtained a greater sum from Farmers than it had tendered within six months after she had submitted her initial proof of loss. Plaintiff argued that the voluntary payments that Farmers had made after she filed this action constituted a "recovery" within the terms of the statute. The trial court denied plaintiff's petition: It agreed with Farmers that, to constitute a "recovery," an insured must obtain a judgment that exceeds a timely tender.

Plaintiff appealed, and the Court of Appeals affirmed without opinion. *Long v. Farmers In. Co. of Oregon*, 273 Or App 821, 362 P3d 1215 (2015). We allowed plaintiff's petition for review to consider the attorney fee issue that we have outlined.[1] We begin our analysis with the controlling statute—ORS 742.061(1), which provides in part:

> "Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months

---

[1] In her petition for review, plaintiff also sought review of two other trial court rulings. Although we allowed review of those rulings, we do not discuss them; plaintiff's arguments lack merit, and a discussion would not benefit bench or bar.

> from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's *recovery* exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

(Emphasis added.)

The parties both offer interpretations of the statute that support their respective positions and that focus on the meaning of the term "recovery." Plaintiff argues that the term "recovery" refers to any kind of restoration of a loss, including a voluntary payment of a claim made after an action on an insurance policy has been filed. Under that interpretation, all that matters is that, after filing an action on an insurance policy, the insured obtains more from the insurer—whether through judgment, settlement, voluntary payment, or some other means—than the insurer tendered in the first six months after proof of loss. Farmers argues that, in the context of the statute, "recovery" means a money judgment in the action in which attorney fees are sought. Under that interpretation, attorney fees may be had for an insured's action on a policy only if the insured obtains a money judgment that exceeds any tender made by the insurer within the first six months after the insured offers proof of loss.

Resolution of the dispute is a matter of statutory interpretation, a process that involves examining of the applicable statute's text and context, along with any useful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We agree with the parties that the most germane part of the statutory text is the term "recovery." At all times that are relevant to the present discussion, the word "recovery" has had both a specific, legal meaning and a more general meaning. When the original version of what is now ORS 742.061 was first enacted in 1919, "recovery" could mean "the obtaining in a suit at law of a right to something by a verdict, decree or judgment of court," but it could also refer simply to the "act of recovering: act of regaining or retaking possession." *Webster's New Int'l Dictionary of the English Language* 1785 (1910 ed). Although some more

modern dictionary definitions of the term "recovery" ignore the more general meaning, those same dictionaries define the root term "recover" as, among other things, "to get or win back," "to make good the loss, injury or cost of: make up for." *Webster's Third New Int'l Dictionary* 1898 (unabridged ed 2002). *See also Black's Law Dictionary* 1280 (7th ed 1999) (defining "recovery" as "1. The regaining or restoration of something lost or taken away. 2. The obtaining of a right to something (esp. damages) by a judgment or decree. 3. An amount awarded or collected from a judgment or decree.").[2] In light of those varying definitions, the legislature's choice of the word "recovery," is not, by itself, determinative.

Farmers argues, however, that other aspects of the statute support its interpretation. Given that "recovery" occurs in the context of a statement about a legal action ("and an action is brought in any court of this state"), Farmers contends that the legislature used that term in its more specific legal sense, *i.e.*, an amount awarded by decree or judgment. Supporting that interpretation, Farmers contends, is the fact that the statute directs that "a reasonable amount to be fixed by the court as attorney fees shall be *taxed as part of the costs of the action*," if the plaintiff's "recovery" exceeds any timely tender. The allowance of costs, including attorney fees, is and always has been associated with the issuance of a judgment. *See, e.g.*, Oregon Laws, title I, ch VI, §§ 561, 562 (1920) ("there may be allowed to the prevailing party *in the judgment or decree* certain sums *** for his attorney fees"; "Costs are allowed, of course, to the plaintiff upon a judgment in his favor"); ORCP 68 B (costs shall be allowed to the "prevailing party"); ORS 20.080 to ORS 20.096 (various provisions for award of attorney fees to "prevailing party"); ORS 20.077 (identifying prevailing party as "party who receives a favorable *judgment or arbitration award* on the claim"). We agree that those contextual clues suggest that the legislature may have had money judgments in mind when it required the insured's "recovery" to exceed the amount of any timely tender made by the insurer.

---

[2] On the other hand, the 1910 version of *Black's* described the term as, "in its most extensive sense" involving a "restoration or vindication of a right *** by the formal judgment or decree of a competent court," *Black's Law Dictionary* 1000-001 (2d ed 1910).

That is only the beginning of our contextual analysis, however. We also consider as context the enactment history of ORS 742.061 and the meaning that this court has ascribed to it in its earlier cases. *See Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994) (considering statutory predecessor as context); *Liberty Northwest Ins. Corp., Inc. v. Watkins*, 347 Or 687, 692, 227 P3d 1134 (2010) (requiring consideration of court's previous cases as statutory context).

We begin with Farmers' argument that a differently worded predecessor to ORS 742.061 demonstrates that the term "recovery" means "judgment." That version of the statute provided, in part:

> "Whenever any suit or action is brought in any of the courts of this state upon any policy of insurance of any kind or nature whatsoever, the plaintiff, *in addition to the amount which he may recover*, shall also be allowed *and shall recover as part of said judgment*, such sum as the court or jury may adjudge to be reasonable as attorney's fees in said suit or action; \*\*\* provided, that settlement is not made within six months from the date of proof of loss is filed with the company; provided further, that if a tender be made by a defendant in any such suit or action *and the plaintiff's recovery shall not exceed the amount thereof*, then no sum shall be recoverable as attorney's fees."

Or Laws 1927, ch 184, § 1 (emphasis added).[3] Farmers argues that, by referring to the amount that plaintiff may "recover" and then to "said judgment," the original statute suggests some equivalency between the two terms. There are two problems with that argument. First, the statute does not appear to contemplate that a plaintiff's "recovery" necessarily will already exist as a judgment at the time that an attorney fee decision is made. Rather, it appears to refer to a money award (or right thereto) that would *later* be included in a judgment that also provides for attorney fees. A range of items might qualify as a "recovery" under that latter meaning.

---

[3] The statute originally was enacted in 1919, in words that are identical to those quoted above, except that they provided for an eight month, rather than a six month, period for settlement. Or Laws 1919, ch 110, § 1. The change to the six-month period for settlement occurred in 1927. Or Laws 1927, ch 184, § 1.

Second, it is not clear that the statute's amendment to eliminate reference to "said judgment" cuts in Farmers' favor. On the one hand, one might argue that the connection between a plaintiff's "recovery" and "said judgment" in the earlier version of the statute informs the meaning of the term "recovery" in the modern version. But one also could argue that that the elimination of the word "judgment" in the modern version suggests a specific intent by a later legislature to reject any former connection between the two terms. Again, the statute remains ambiguous.

We turn next to the parties' contextual arguments based on this court's prior decisions interpreting ORS 742.061. The parties draw our attention to three cases. Farmers points to *McGraw v. Gwinner*, 282 Or 393, 400, 578 P2d 1250 (1978)—in particular, to a statement in that case that "to secure attorney fees pursuant to [ORS 742.061's predecessor] the insured must recover a *money judgment* against the insurer." (Emphasis added.) *McGraw* was a case in which an insured negligently injured a third party, who then sued the insured for damages. The insured's liability insurance carrier refused to defend the insured in that action, and the insured filed a declaratory judgment action, seeking a declaration that the insurer was obligated to defend the insured and pay a judgment up to the limits of the policy. The trial court granted the declaratory relief that the insured sought, but, insofar as the insured had not sought any monetary relief, there was no money judgment. The question presented was whether the insured, nevertheless, could obtain an award of attorney fees under the statutory predecessor to ORS 742.061. *Id.* at 395. The court reviewed its prior decisions applying that statute in declaratory judgment actions and explained that it had distinguished between declaratory judgment proceedings in which the insured had obtained a declaration of coverage and those in which the insured had received a monetary "recovery"; it had held that the statute applied in the latter circumstance, but not in the former. In *McGraw*, the plaintiff had neither sought nor obtained a monetary "recovery"; and the court therefore held that the statute was inapplicable. *Id.* at 396-400. In explaining that decision, the court *did* state that, to secure fees under that statute, the insured must recover

a "money *judgment*" against the insurer, but it then completed that sentence by saying that, "it is not sufficient that the insured establish coverage which may in turn lead to a subsequent *recovery of money*." 282 Or at 400 (emphasis added). The form of the monetary recovery was not the issue presented in the case. Thus, although the court's reference to a money *judgment* provides some support for Farmers' position, its reasoning does not squarely address the issue before us.

Two cases that plaintiff cites, *Dockins v. State Farm Ins. Co.*, 329 Or 20, 985 P2d 796 (1999), and *Dolan v. Continental Casualty Co.*, 133 Or 252, 289 P 1057 (1930), also are not definitive. In *Dockins*, the insureds filed a complaint against their insurer for failure to defend them in an administrative action brought by DEQ after oil was discovered leaking from their home oil tank. Six months after filing their action, the insureds sent a proof of loss to the insurer that met the formal proof of loss requirements set out in the insurance policy. About three months after that, the parties settled for $15,000, reserving the question of whether the insured was entitled to attorney fees. A stipulated order and judgment to that effect followed. The insureds then petitioned for an award of attorney fees under ORS 742.061. When settlement was made, more than six months had elapsed from the date that the insureds had filed their complaint, but less than six months had elapsed from the date that the insureds had filed their formal proof of loss. The trial court denied the insured's petition for fees, but this court reversed. The court reasoned that the insured's complaint served the purpose of a proof of loss in the context of the statute: it permitted the insurer to estimate its obligations. *Id.* at 28. Thus, the court concluded, the insurer's settlement offer, made more than six months after the filing of the complaint, was not timely, and only a timely tender could defeat the insured's claim for attorney fees. *Id.* at 26-30.

Plaintiff interprets *Dockins* to mean that, other than the insured's receipt of an amount that exceeds the amount previously tendered, whether or not the tender was timely is the *only* thing that determines an insured's

claim for attorney fees. As such, she concludes, there can be no *additional* requirement that the insured's recovery be in the form of a judgment. But *Dockins* stands for no such thing. The form of the insured's "recovery" was not at issue in *Dockins*, and the recovery that the insured obtained in that case ultimately came in the form of a judgment (albeit a stipulated judgment entered after the parties entered into a settlement agreement). *Dockins* does not resolve the issue before us.

*Dolan*, a case decided under the statutory predecessor to ORS 742.061, is much the same. Although plaintiff describes that case as one in which attorney fees were awarded in the absence of a judgment, that description is not entirely accurate. In the original trial of the case, the insured obtained a judgment for sums due under an insurance policy and for attorney fees under the predecessor to ORS 742.061. On appeal, however, that judgment was reversed, and the case was remanded for retrial. Before the retrial, the insurer filed an amended answer in which it confessed its liability for the amount of the claim plus costs, but not for the attorney fees that the insured had been awarded, and tendered that amount to the court. The insurer then moved for judgment on the pleadings and, over the plaintiff's objection, the trial court granted the motion. 133 Or at 253-5. The insured appealed again, and the insurer argued that its tender to the court precluded an award of fees; the insured would not recover more than the amount that the insurer had tendered. This court concluded otherwise. Considering the statutory definition of "tender" in a related statute and the legislative intent underpinning the statute, the court concluded that the insurer's untimely confession of liability and tender into court did not deprive the insured of the right to fees. *Id.* At 254-56. The question of whether an insured's recovery must be in the form of a judgment did not figure in the court's analysis.

Although *Dockins* and *Dolan* did not expressly address, and therefore do not stand for, the proposition for which plaintiff contends—that an insured need not obtain a judgment as a precondition to an award of fees under ORS 742.061—they nevertheless provide other helpful statutory context. First, they demonstrate that, at least factually,

this court has not limited the term "recovery" to an award resulting from a contested trial; rather, the court has interpreted it to include voluntary payments made in settlement or as a result of confession of judgment.

Second, *Dockins* and *Dolan* demonstrate that, in interpreting ORS 742.061 and its substantively similar predecessors, the court has given the terms of the statute a functional meaning that will advance the well-understood purposes of the statute.[4] In *Dolan*, the court explained:

> "Oftentimes insurance companies have contested their obligation to pay a loss with such persistence and vigor that the benefit of an insurance policy is either largely diminished or entirely lost. *** For that reason[,] *** insurance companies are required to pay reasonable attorneys' fees, where they have wrongfully defended an action to recover or refused to pay the loss within a reasonable time. That purpose would be largely destroyed if [the insurer's] position in the instant case can be sustained. *** If a judgment be reversed, as occurred in the instant case, upon some technical error during the progress of the trial and defendant's tender will then defeat a recovery of attorneys' fees, notwithstanding the expensive and prolonged litigation, the benefit of the statute is largely destroyed. When plaintiff was compelled to institute an action against defendant in order to recover the amount due on the policy, she became entitled to an attorney fee."

133 Or at 255-56. Similarly, in *Dockins*, the court recognized that the term "proof of loss" should be given a functional meaning, *i.e.*, one that requires a court to determine whether an insured's act accomplished the purpose of a proof of loss under ORS 742.061—to give insurers adequate information to investigate and form reasonable estimates as to their obligations. 329 Or at 26-28.

*Dockins* and *Dolan* are not the only cases in which this court has assigned a functional meaning to the terms of

---

[4] This court has deemed the differently-worded predecessor to ORS 742.061 quoted above, 360 Or at__, to be "substantively identical" to ORS 742.061, and thus has relied on cases decided under that predecessor statute in interpreting ORS 742.061. *See, e.g., Dockins*, 329 Or at 27 (relying on *State v. Claypool*,145 Or 615, 28 P2d 882 (1934), to interpret ORS 742.061 and noting that that case was decided under a "substantively identical predecessor of ORS 742.061").

ORS 742.061 (or its predecessors). For example, in *Groce v. Fidelity General Insurance*, 252 Or 296, 311-12, 448 P2d 554 (1969), this court considered an argument under an earlier version of the statute that the actions at issue—brought by an insured's creditors against an insurer for wrongful failure to settle within the policy limits—were not actions "upon any policy of insurance" within the meaning of the statute. *Id.* at 311. This court observed that "the statute no doubt was drawn in contemplation of the type of claim ordinarily made by means of a 'proof of loss' form and for one reason or another denied by the insurer" but concluded that "the language of the statute * * * is broad enough to permit recovery of attorney fees in [the case before it]." *Id.* The court read the statute broadly on the ground that "[i]f attorney fees were not allowed, the insured, or his assignees, would not be made whole." *Id.* at 312.

In *Travelers Insurance Co. v. Plummer*, 278 Or 387, 563 P2d 1218 (1977), this court also looked to the attorney fee statute's purpose to determine the meaning of the phrase "action upon any policy of insurance." In *Plummer*, the insurer had sued its insured on a loan receipt, which the insured had signed to memorialize the insurer's loan of funds to the insured in return for the insured's agreement to pursue his claims against a third party and repay the insurer if he recovered his damages. The insured had employed an attorney to prosecute the third-party action, and, after the attorney settled the action, the insured tendered two-thirds of the amount of the loan to the insurer, holding back the remaining third for his attorney's fees. The insurer rejected the tender and sued the insured for the full amount of the loan receipt. Later, the insurer moved to amend its pleadings to accept the tender as full satisfaction of the claim under the loan receipt. However, by that time, the insured had incurred attorney fees in the action on the loan receipt. The trial court entered judgment for the insured for the amount that the insurer had disputed and also awarded the insured his attorney fees under the version of ORS 742.061 that was in effect at the time. The insurer appealed, arguing (among other things) that the statute was inapplicable, because the statute referred to an "action upon any policy of insurance" and the action at issue

was, instead, an action on a loan receipt. This court rejected that argument, giving a functional meaning to the specified phrase and relying on the statute's underlying purpose:

> "What [the insurer] attempted to do by making [its insured] turn over to it all sums recovered by him at his own legal expense would in effect have denied its insured the full repayment of the damages to his car * * * contracted for in [the insurance] policy. As the trial court stated: 'It is precisely this type of situation the legislature intended to remedy in allowing attorney fees in disputes between insured and insurer where the insurer is wrong.'"

*Id.* at 392.[5]

With that contextual analysis in mind, we return to the question presented here—the meaning of the statutory term "recovery." Purely based on text, the meaning of that term is ambiguous. The legislature could have used the term "recovery" to require that an insured obtain a money "judgment," or to require only that an insured obtain payment of an amount in excess of a timely tender. Statutory context also points in different directions. On one hand, the legislature used the term "recovery" in the context of a legal action, suggesting that it intended to use it in its technical legal sense, and this court seems to have ascribed that meaning in *McGraw*. On the other hand, the form that a recovery takes has not been a meaningful aspect of this court's decisions.

But, importantly, this court repeatedly has instructed that the terms of ORS 742.061 and its predecessors should be interpreted in light of their function within the statute's overall purpose. *Dolan*, 133 Or at 255-56; *Dockins*, 329 Or at 28; *Groce*, 252 Or at 312; *Plummer*, 278 Or at 392. If we heed that instruction here, as we think we must, it becomes evident that the term "recovery" must be

---

[5] The *Plummer* court also rejected the insurer's argument for avoiding application of the statute on the ground that, in the particular procedural posture of the case, the insured was not the designated "plaintiff." The court concluded that, in the light of the statute's purpose, the insured was "functionally" the plaintiff and that the statute applied. 278 Or at 391. *See also Hardware Mut. Cas. Co. v. Farmers Ins. Exchange*, 256 Or 599, 611, 474 P2d 316 (1970) (permitting attorney fees when insured, who was designated as the "defendant" in the insurer's declaratory judgment action, sought to recover from insurer in counterclaim).

read to include mid-litigation payments such as the ones that Farmers made in this case.

The purpose of ORS 742.061 is "to discourage expensive and lengthy litigation." *Dolan*, 133 Or at 255. Requiring the insurer to pay the insured's attorney fees if and only if the insured obtains more in the litigation than was timely tendered advances that purpose insofar as it encourages insurers to make reasonable and timely offers of settlement and also encourages insureds to accept reasonable offers and forego litigation. But the statute also serves a compensatory purpose. The statute ensures that, when insureds file suit to obtain what is due to them under their policies, they do not win the battle but lose the war by expending much or all of what they obtained in the litigation on attorney fees. *See Dolan*, 133 Or at 255 (purpose of attorney fee statute to ensure that the benefit of an insurance policy is not diminished by or entirely lost to attorney fees when insurance company wrongfully contests its obligation to pay); *Plummer*, 278 Or at 392 (full payment of benefits contracted for in insurance policy is denied when insured must pay his or her own legal expenses to obtain benefits, and legislature intended to address that problem by enacting statute); *Groce*, 252 Or at 311 (implying that purpose of statute is to ensure that insured is "ma[d]e whole").

The function that a "recovery" plays in that overall framework is to establish that the insured indeed obtained something in the action—payment of benefits due under the insurance policy that exceeded any amount that the insurer timely tendered. In the circumstances presented here, there is no functional difference between Farmers' mid-litigation payments and the payments that were made by the insurers in settlement in *Dockins* or pursuant to a confession of liability in *Dolan*. Under each of those scenarios, the insured received a sum from the insurer that exceeded any amount timely tendered, a result that indicates that, at least in some practical sense, the insured prevailed in the action. It was the insurer's payment, not the form of payment, that entitled the insured to attorney fees.

We conclude that the fact that plaintiff in this case did not obtain a "judgment" memorializing these payments

does not make ORS 742.061 inapplicable. To the extent that we implied otherwise in *McGraw*, we use this opportunity to clarify its meaning: A declaration of *coverage* is not sufficient to make ORS 742.061 applicable; an insured must obtain a *monetary* recovery after filing an action, although that recovery need not be memorialized in a judgment.

Before we apply that holding to the present circumstances, we turn briefly to an additional argument made by Farmers about the meaning of ORS 742.061. Farmers suggests that its payments to plaintiff cannot be considered a recovery "in the action," for purposes of ORS 742.061, because they were made, not in response to the action, but in response to the decision of appraisers in the appraisal proceeding that the insured demanded. We are not persuaded. Although it is true that Farmers made its payments to plaintiff after the appraisal process had concluded, both the appraisal proceeding and the payments came more than six months after plaintiff's proof of loss and after plaintiff had instituted her action. And, at least initially, whether Farmers had wrongfully failed to engage in the appraisal process was an issue in the action. In those circumstances, we conclude that Farmers' belated payments qualify as a recovery "in the action."

The foregoing analysis of the statute resolves plaintiff's entitlement to attorney fees for the work performed by her attorney up until the time that Farmers made voluntary payments to plaintiff in July and August of 2013. By then, plaintiff had brought an action on her insurance policy and, by virtue of Farmers' July and August payments, had "recovered" more in that action than Farmers had tendered in the first six months after proof of loss. She was entitled to attorney fees accrued in pursuit of those recoveries.

However, plaintiff is not entitled to an award for attorney fees that accrued after the July and August 2013 payments, for two different reasons. First, the subsequent voluntary payments, which Farmers made in February 2014, were payments for the replacement value of plaintiff's loss. Farmers made those payments within days after plaintiff filed proof of her replacement costs—the "proof of loss" that would justify paying the replacement cost, rather

than the actual cash value, of plaintiff's losses. It was that later proof of loss that triggered the six-month period for settlement of plaintiff's claim for the replacement value of her losses under ORS 742.061. Because Farmers made the replacement cost payments within the six-month window for settlement provided in the statute, plaintiff is not entitled to reimbursement for attorney fees incurred in obtaining that additional "recovery."

Second, except for the two replacement cost payments that Farmers made in February 2014, plaintiff did not recover, after August 2013, any amount over and above what Farmers already had paid. At trial, plaintiff sought but was unsuccessful in obtaining any greater sum. Thus, because plaintiff's recovery after Farmers' August 2013 payment did not exceed Farmers' timely tender, plaintiff is not entitled to attorney fees under ORS 742.061 for work performed by her attorney after that date.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court to award attorney fees in accordance with this opinion.