Argued February 8, affirmed as modified May 22, 1968

WILLIAMS, *Respondent, v.* STOCKMAN'S LIFE
INSURANCE COMPANY, *Appellant.*

441 P. 2d 608

*Zig I. Zakovics,* Portland, argued the cause for appellant. With him on the briefs were Reiter, Day, Wall & Bricker, and Raymond J. Conboy.

*Jonathan Purver,* Portland, argued the cause for respondent. On the brief were Pozzi, Levin & Wilson, and Dan O'Leary.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This is a proceeding, the precise nature of which is clouded with a doubt, to recover on an insurance policy.

According to the complaint the defendant issued "a group credit life policy and health and accident insurance policy to the American Acceptance & Lease Corporation" (hereinafter "American"), by the terms of which, including a rider thereto attached, defendant, in consideration of premiums paid by the plaintiff, agreed to pay to American in the event of the total

disability of the plaintiff certain sums during such time as plaintiff remained totally disabled, such sums to be applied on an indebtedness of plaintiff in the amount of $6,346.56 to American. The complaint alleges that on October 5, 1965, plaintiff became totally and permanently disabled and that "A controversy has arisen between plaintiff and defendant, and a question has arisen as to plaintiff's rights under the contract between American Acceptance & Lease Corporation and this defendant." The prayer is as follows:

"WHEREFORE, plaintiff demands a judgment declaring his rights under the contract aforesaid, and requiring defendant to pay to the American Acceptance & Lease Corporation the sum of $836.00, together with such further sums as accrue and become due and payable prior to the trial of this case, and for an order requiring the defendant to continue to pay the stipulated daily indemnity throughout the period of plaintiff's permanent and total disability, and to pay to the plaintiff a reasonable attorney fee in the sum of $1250.00, and plaintiff's costs and disbursements necessarily incurred herein."

Defendant, in its amended answer, admitted the existence of a controversy as alleged and pleaded affirmatively as follows:

"That any disability from which plaintiff may be suffering did not first manifest itself after the group policy referred to in plaintiff's complaint was in force and after the date of plaintiff's indebtedness to American Acceptance and Lease Corporation, to-wit: on or about March 29, 1965, but in fact said disability pre-existed and was first manifested prior to said date."

Defendant's prayer was for dismissal of the complaint.

A reply having been filed, the case came on to be

tried before a jury. The court submitted to the jury two questions as follows:

"1. Is the plaintiff totally disabled in that he is unable to engage in any gainful occupation for which he is reasonably qualified by education, training or experience?"

"2. Was the cause of the disability of plaintiff, if any, first manifested after the group policy was in force and after the date of plaintiff's indebtedness to American Acceptance and Lease Corporation, to-wit: March 29, 1965?"

These were the only issues of fact in the case. The jury by its verdict answered each of the questions in the affirmative and the court thereafter entered a judgment order as follows:

"The above-entitled cause having come on regularly for trial by jury before the Hon. Alan F. Davis, Judge of the above-entitled Court, plaintiff appearing in person and by Dan O'Leary, of his attorneys, and the defendant appearing by and through its attorney of record, Frank Day, and the jury having been selected, empaneled and sworn, opening statements having been made by counsel, evidence having been received on behalf of the respective parties, arguments having been submitted to the jury by counsel, and the Court having instructed the jury upon the law, and the jury thereupon having retired for deliberations, and on the 2nd day of December, 1966, returned the following verdict, and answers to questions, to-wit, omitting the title of court and cause:

[Here follows a copy of the verdict.]

and said verdict having been received and entered and accepted by the Court and the Court being fully advised in the premises, now, therefore, based upon said verdict, it is

"HEREBY ORDERED and ADJUDGED that plaintiff, Olaf S. Williams, have judgment against

the defendant for the sum of Nine Hundred Twenty Five and 54/100ths Dollars ($925.54), and

"IT IS FURTHER ORDERED and AD-JUDGED that the plaintiff have judgment against defendant for the monthly payments which have accrued since the filing of the complant herein, hereby determined to be the sum of Nine Hundred Twenty Five and 54/100ths Dollars ($925.54), and

"IT IS FURTHER ORDERED and AD-JUDGED that the defendant shall continue to pay the stipulated daily indemnity throughout the period of plaintiff's permanent and total disability, or until such time as plaintiff's indebtedness under his contract with the American Acceptance and Lease Corporation is discharged, and

[A judgment for attorneys' fee and costs omitted.]"

■ In this court (though not below) the defendant contends that this is a suit in equity, that the jury was only advisory, and that we should review the evidence de novo, find it preponderates in favor of the defendant and enter a decree accordingly. We are of the opinion that the defendant is in no position to raise this question and that the proceeding can and should be treated as an action at law.

The complaint on its face does, indeed, appear to state a cause of a suit in equity brought by the promisee in a third party creditor-beneficiary contract against the promisor to compel specific performance of the promise. But there is not the faintest suggestion in the record that the trial was treated by the parties or the judge as other than the trial of an action at law. At no stage of the proceedings was there any suggestion to the contrary, or even, for that matter, any discussion of the nature of the case. As in any other action at law a jury was called and sworn, testimony

taken and rulings on evidence made by the court. At the conclusion of the testimony counsel for defendant moved for a directed verdict, a motion unknown to equity procedure. The court instructed the jury as in a law action, exceptions were taken to the instructions as in a law action, the verdict of the jury was not "read as evidence," as is authorized by ORS 17.040, the statute providing for use of an advisory jury in equity trials, but was received by the court and made the basis of the judgment. The form of the judgment— "The above-entitled cause having come on regularly for *trial by jury* before the Hon. Alan F. Davis," etc. (italics added)—is wholly inconsistent with the idea of an advisory jury.

All was done without any objection by the defendant, indeed with its full participation, and not until the case reached this court did defendant make the objection that this is a suit in equity.

So far, the case falls squarely within our decision on rehearing in *Oregon Farm Bureau v. Thompson,* 235 Or 162, 176, 378 P2d 563, 384 P2d 182. The situation there was the converse of that presented here: the case was tried without objection as a suit in equity and the prevailing party in the circuit court contended on appeal that it was an action at law and the findings of the court, therefore, if supported by substantial evidence were binding on this court. We held that, as the issues were not wholly outside the cognizance of equity, and the case was tried without objection of any kind as a suit in equity, failure to raise the question in the circuit court precluded the right to raise it in the Supreme Court. Hence, the evidence was reviewed de novo.

■ As will presently be shown, there were legal issues to be tried in the case at bar and the only apparent

difficulty in applying the rule of the *Oregon Farm Bureau* case arises from the prayer of the complaint which does not ask for a money judgment for the plaintiff, but for specific performance of the contract of the defendant to make payments to American. The difficulty is not, however, real or substantial. The prayer is no part of the cause of suit or action and ordinarily a party is entitled against answering defendants to any relief warranted by the facts set up in his complaint and the proof, *Elliott v. Mosgrove,* 162 Or 507, 543, 91 P2d 852, 93 P2d 1070. This is the general rule in code pleading states, 41 Am Jur 367, Pleading § 112.

This case, tried as it was, could not eventuate in a decree of specific performance. Counsel for defendant must have been aware of this fact, yet no objection was made to the form of the judgment.

■ As promisee in the third party beneficiary contract plaintiff could maintain an action at law for damages for its breach, the measure of damages being the full amount of the debt: *McDaniel v. Ins. Co. of Oregon,* 243 Or 1, 410 P2d 814; *Johnson v. Risk,* 137 US 300, 308, 11 S Ct 111, 34 L ed 683; *Green Properties v. Livingston,* 230 Md 193, 197, 186 A2d 475; Restatement, Contracts § 136; 4 Corbin on Contracts 241-242, § 812. Disregarding the prayer, the complaint states a cause of action for such a breach and the proof, as will be hereinafter shown, warrants the judgment for the sums found to be due.

■ Defendant urges that if the judgment should be affirmed and plaintiff should not pay his debt to American, American would have the option of suing either plaintiff or defendant (citing *Erickson v. Grande Ronde Lbr. Co.,* 162 Or 556, 586, 92 P2d 170, 94 P2d 139), thus subjecting the defendant to the risk of a

double liability. To avoid this result it is said that the judgment should be corrected by ordering the money to be paid to American instead of to plaintiff. Since, as we hold, this is an action at law, to render a decree of specific performance is not within the competence of this or any other court under the separate systems of law and equity prevailing in this state.

■ The defendant's objection comes too late. It should have been made before the trial began. Notwithstanding the risk of double liability, an action by the promisee against the promisor for breach of a contract of this kind can be maintained. As stated by Professor Corbin with refernce to the assumption of a mortgage debt:

> "It may be observed that we have here indicated the possibility that D will be sued by B, the promisee, by C, the mortgagee, and by A, the mortgagor (for contribution). This is small hardship, however; for D can ordinarily prevent all of the suits by keeping his promise and paying C, and furthermore, he can generally cause all the suits to be joined in one so that there will be one set of costs and one judgment conclusive as to all parties." Corbin, op. cit. 157, § 796.

See, also, *Green Properties v. Livingston,* 230 Md at 199.

Defendant assigns as error the court's denial of its motion for a directed verdict. The certificate of insurance issued to the plaintiff provided:

> "Upon receipt by the Company of due notice and proof in writing that any Debtor, while insured under the Group Policy, is totally disable[d] for at least 14 (14) days and unable to engage in any gainful occupation for which he is reasonably qualified by education, training or experience, the Company will pay the Creditor beginning with the

first day the daily indemnity as determined in Section four (4) below for the number of days such Debtor continues to be totally disabled, subject to the following conditions:

"(1) The cause of the disability was first manifested after the Group Policy was in force and after the date of the Debtor's indebtedness to the Creditor.

※    ※    ※    ※    ※"

The motion for a directed verdict was as follows:

"At this time, Your Honor, the defendant would move the Court for a directed verdict on the ground that the evidence introduced, taken most favorably to the plaintiff, shows affirmatively that the condition from which he suffered in 1965 was the same condition from which he suffered in 1963, and, therefore, I think it affirmatively shows that the condition from which he suffered in 1965 had manifested itself prior to the issuance of the policy."

The evidence shows that the plaintiff suffered a heart attack in 1963 and another heart attack in October, 1965; that the insurance took effect in March, 1965; that as the result of the October, 1965, attack plaintiff became totally disabled and that this condition continued up to the time of the trial.

There was conflicting medical testimony as to whether the heart attack in 1963 was a manifestation of the one that caused plaintiff's total disability in 1965. The evidence need not be set forth because it is conceded in the defendant's brief that "the jury *could* find that the heart problem did not first manifest itself until after March, 1965."

By a remarkable *tour de force,* however, the defendant now seeks consideration of its claim that uncontradicted evidence shows that the plaintiff is dis-

abled by arthritis which manifested itself prior to March, 1965. It is perfectly clear that the issues which were tried were whether the plaintiff was totally disabled and whether the cause of that disability, heart failure, first manifested itself before March, 1965. It is equally clear that the defendant's motion for a directed verdict was directed to the latter issue—to the question of the relationship between the heart attack in 1963 and the heart attack in 1965. The question whether the defendant was entitled to a directed verdict because the plaintiff was totally disabled by arthritis manifested prior to March, 1965, was never suggested to the circuit court and was first brought into the case in the plaintiff's brief in this court. A party will not be heard, after moving for a directed verdict on a ground which he concedes to be without merit—or, for that matter, whether he concedes it or not—to urge that his motion should have been allowed on an entirely different ground. The motion was properly denied.

■■ Error is assigned to the giving of the following instruction:

"Now, with regard to the words 'first manifested,' whether manifested before the taking of the policy or after the taking of the policy, I instruct you that a cause of disability first becomes manifest under the law of the State of Oregon when it becomes active in form. The cause of a disability first becomes manifest when it becomes great enough, in and of itself, as to threaten imminent disability of the type which later occurred."

Counsel took the following exception to the instruction:

"The defendant would except to the Court's instructing the jury that a cause of disability first becomes manifest under the law of the state when

. it becomes active in form. The cause of a disability first becomes manifest when it becomes great enough, in and of itself, as to threaten imminent disability of the type which later occurred. I am only reading it to identify it because it does not have a number. You know the one I mean."

The exception is insufficient, as no ground for it was stated. The instruction is in two parts and the exception appears to have been taken to the entire instruction, yet in this court only the second sentence of the instruction is criticized. We have repeatedly held that a party desiring to preserve an alleged error in instructions for review by this court must, in taking his exception in the circuit court, state the ground of it. It is not sufficient to merely repeat the language of the instruction with the statement that the party excepts to it. The assignment of error presents no question for our consideration.

Defendant further assigns as error the allowance by the court of an attorney's fee: first, because, as it is contended, defendant had no contractual obligation to pay money to the plaintiff, and second, because, if this is a declaratory judgment proceeding, it is not a suit or action and, therefore, does not fall within the terms of ORS 743.114.[①] So far as the record dis-

---

[①] ORS 743.114: "(1) If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, then the plaintiff shall recover as part of his judgment such additional sum as the court may adjudge to be reasonable as attorney fees.

"(2) If attorney fees are allowed as provided in this section and on appeal to the Supreme Court by the defendant the judgment is affirmed, the Supreme Court shall allow to the respondent such additional sum as the court shall adjudge reasonable as attorney fees of the respondent on such appeal."

closes, no objection to the allowance of an attorney's fee was made in the circuit court. The court in its charge to the jury said:

> "There are allegations with regard to the length of time and attorney's fees. These are not problems for your consideration. They are for the Court's determination."

No exception was taken to this instruction. In this state of the record we would be justified in declining to pass on this question and would do so but for .the fact that the question will no doubt be properly before us on an application by plaintiff for an attorney's fee in this court.

■ As we have already held, this is an action, which the law recognizes, by an insured to recover damages for breach by an insurance company of its contract of insurance. The case has declaratory judgment overtones, but its essential nature is not, for that reason, altered. ORS 743.114 is, therefore, applicable and the award of an attorney's fee authorized.

■ One other matter calls for disposition. That part of the judgment which orders payment of daily indemnity sums not accrued at the time of the trial is erroneous, if, as appears to be the case, it is intended as a present judgment for amounts not yet due and owing. There is enough in the pleadings and the proof, however, to permit a declaration of rights respecting this issue, and such a declaration is appropriate in a case of this kind, Borchard, Declaratory Judgments, 421-422. We have authority to make the indicated change, Constitution of Oregon, Article VII, § 3. The portion of the judgment in question is, therefore, modified so as to read: "It is hereby declared that plaintiff has the right to continued payment to him by defend-

ant of the stipulated daily indemnity as the same shall accrue throughout the period of plaintiff's permanent and total disability, or until such time as plaintiff's indebtedness under his contract with the American Acceptance & Lease Corporation is discharged."

As so modified, the judgment is affirmed.