Argued March 7, affirmed May 10, 1977

# THE TRAVELERS INSURANCE COMPANY, *Appellant,*

*v.*

## PLUMMER, *Respondent.*

(TC 73 0519, SC 24511)

563 P2d 1218

Randall E. Thwing, of Thwing, Atherly & Butler, Eugene, argued the cause and filed briefs for appellant. With him on the reply brief was Samuel G. Wilson.

Harold D. Gillis, Eugene, argued the cause for respondent. With him on the brief were Thomas J. Peterson and Butler, Husk & Gleaves.

LINDE, J.

**LINDE, J.**

Oregon law awards a plaintiff attorney fees in an action on an insurance policy when his recovery exceeds the amount tendered by the insurer. ORS 743.114. The issue before us is whether this statute applies when an insurance company sues to recover funds advanced to its insured upon a loan receipt, and the insured successfully counterclaims for attorney fees paid by him in gaining payment by a third party of the damages covered by the insurance policy.

In October 1970 Mr. and Mrs. Plummer were involved in an automobile accident in which their car was damaged and Mrs. Plummer injured. In April 1971 The Travelers Insurance Company paid the Plummers $888.26 under the terms of their $100-deductible insurance coverage, in return for a "Loan Receipt" in which Mr. Plummer agreed to pursue their claims against any third person liable for the loss and to repay Travelers if they recovered their damages.[1] Thereafter the Plummers employed an attorney and settled their claim with the third party who had caused their losses. They then tendered Travelers $592.18, the amount that had been advanced under the loan receipt less one-third to be retained by their attorney as his fee in the case against the third party.

---

[1] The Loan Receipt, filled in on a printed form, provided:

LOAN RECEIPT

Dated: *April 20  1971*

$ _888.26_____

    RECEIVED FROM *THE TRAVELERS INSURANCE CO.* the sum of *Eight Hundred eighty eight and 26/100* Dollars as a loan, without interest, under policy No. _009321245_, repayable only in the event and to the extent that any net recovery is made by _____ *STEPHEN R. PLUMMER.*_____ from any person or persons, corporation or corporations, or other parties, on account of loss by fire, sprinkler leakage, or other casualty for which this Company may be liable occasioned to _PERSONAL_ property on or about_19th_day of_ *October*_ 19_71__.

The company initially rejected the tender, claiming that it had not employed the Plummers' attorney and that he did not act under its "exclusive direction and control." Travelers abandoned that position after this court's decision in *State Farm Mutual Auto. Ins. Co. v. Clinton,* 267 Or 653, 518 P2d 645 (1974), and moved to amend its pleadings to accept the tendered $592.18 in full satisfaction of its claim under the loan receipt. However, on defendant Plummer's request the court entered judgment against plaintiff insurance company for $296.08, the disputed part of the $888.26 that represented his earlier attorney fees. Both parties made it clear that the point at issue was defendant's claim for attorney fees in the pending action. The court eventually awarded defendant attorney fees of $1,800, and this appeal followed.

ORS 743.114 provides:

> If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be

---

```
    As security for such repayment, we hereby pledge
to said
            TRAVELERS INSURANCE COMPANY
whatever recovery ____I____ may make, and deliver to
it herewith all documents necessary to show our inter-
est in said property and we hereby agree to present
claim promptly and, if necessary, to commence, enter
into and prosecute suit against such person or persons,
corporation or corporations, through whose negligence
the aforesaid loss was caused, or who may otherwise
be responsible therefor, with all due diligence, in our
own name, but at the expense of and under the exclusive
direction and control of the said

            TRAVELERS INSURANCE COMPANY

                    s/ STEPHEN R. PLUMMER

In presence of

s/ DOUGLAS C. SWEETLAND
```

fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

The reach of this statute, which is of obvious importance in the insurance practice, has given many occasions for judicial interpretation, which the parties have very helpfully briefed.

■ On its face, ORS 743.114 was designed to protect a claimant under an insurance policy who has had to sue to recover on a properly filed claim for more than his insurer offers to pay. Thus the text presupposes that the insured has been the plaintiff and that he has gained a recovery against the insurer. However, the reach of the statute has been extended beyond its literal words where the position of the parties was functionally the same though procedurally different. Attorney fees have been allowed by virtue of ORS 743.114 even though the litigation was initiated by the insurer as plaintiff seeking a declaratory judgment when the insured, as defendant, recovered on a counterclaim. *Hardware Mutual Cas. Co. v. Farmers Ins. Exch.,* 256 Or 599, 474 P2d 316 (1970), followed in *Hartford Fire Ins. Co. v. Aetna Ins. Co./ Mt. Hood Radio & Tel. Bdcst. Corp.,* 270 Or 226, 527 P2d 406 (1974). The statute has been held not to allow attorney fees in a declaratory judgment action brought by the insurer even if the defendant insured prevailed, as long as the insured did not in turn gain a recovery in that litigation. *First National Bank v. Malady,* 242 Or 353, 408 P2d 724 (1966); *Hollopeter v. Oregon Mutual Insurance Co.,* 255 Or 73, 464 P2d 316 (1970); *cf. Continental Cas. Co. v. Reinhardt,* 284 FS 687 (Or 1967). In short, the claimant under an insurance policy is entitled to the statutory attorney fees if he establishes a claim for more than the tendered amount on his initiative, either as a plaintiff or as a defendant who emerges with a money "recovery" in his favor.

■ Travelers argues, however, that the present case is not an action "upon any policy of insurance." Travelers paid the full amount due under the policy in return for

defendant's loan receipt and brought this action upon that loan receipt, a separate contract. Defendant argues that the loan receipt is only a device of the insurance industry to avoid making the insurer a subrogated plaintiff in the insured's action to recover from the third party who caused the loss, so that the present action should be regarded as arising out of the insurance policy. But the question is not the source of Travelers' claim against its insured. It sued on the loan receipt. The decisive question for ORS 743.114 is the source of the insured's claim to the $296.08 which Travelers demanded as part of its suit. It was this claim that plaintiff forced defendant to litigate and that the court adjudged in defendant's favor. And the source of defendant's claim to the full $888.26, including the disputed $296.08, is the insurance policy, as it would be if the company had never advanced the money and thereafter demanded its return.

What Travelers attempted to do by making *Plummer* turn over to it all sums recovered by him at his own legal expense would in effect have denied its insured the full repayment of the damages to his car (less $100) contracted for in Travelers' policy. As the trial court stated: "It is precisely this type of situation the legislature intended to remedy in allowing attorney fees in disputes between insured and insurer where the insurer is wrong."

Affirmed.