638 December 8, 2016 No. 75

IN THE SUPREME COURT OF THE
STATE OF OREGON

Sohail MASOOD,
*Respondent on Review,*

*v.*

SAFECO INSURANCE
COMPANY OF OREGON,
an Oregon Insurance Company,
*Petitioner on Review,*

*and*

OVERLAND SOLUTIONS, INC.,
*Defendant-Respondent,*

*and*

A. O. A. WEST, INC.,
an Oregon corporation,
*Defendant.*

Sohail MASOOD,
*Respondent on Review,*

*v.*

SAFECO INSURANCE
COMPANY OF OREGON,
an Oregon Insurance Company,
*Petitioner on Review,*

*and*

A. O. A. WEST, INC.,
an Oregon corporation,
*Defendant.*

(CC CV 09-070-070; CV 10-060-761;
CA A149925 (Control), A149926;
SC S063921)

On respondent on review's petition for attorney fees filed May 26, 2016; considered and under advisement September 27, 2016.

Sara Kobak, Schwabe, Williamson & Wyatt, P.C., Portland, filed the petition for attorney fees and the reply

for respondent on review. Also on the petition and reply were David Axelrod and Jordan R. Silk.

R. Daniel Lindahl, Bullivant Houser Bailey PC, Portland, filed the objections to the petition for attorney fees for petitioner on review. Also on the objections was John A. Bennett.

Before, Balmer, Chief Justice, and Kistler, Walters, Landau, Baldwin, and Brewer, Justices.*

LANDAU, J.

The petition for attorney fees is allowed. Respondent on review is awarded $30,771 as attorney fees on review. The award is effective upon the circuit court's entry of judgment on remand from the Court of Appeals.

_____

* Nakamoto, J., did not participate in the consideration or decision of this case.

**LANDAU, J.**

Plaintiff Masood petitions for an award of $30,771 in attorney fees incurred before this court in responding to the petition for review filed by defendant Safeco Insurance Company of Oregon. He claims entitlement to attorney fees under ORS 742.061(1), which provides for such an award when a plaintiff brings an action "upon any policy of insurance" and obtains a recovery in excess of any previous tender by the insurer on the policy. Defendant objects on the ground that plaintiff has failed to meet the statutory requirements for such an award. Defendant does not otherwise challenge the amount or reasonableness of the fees requested. For the reasons that follow, we award plaintiff the entirety of the attorney fees that he requests.

The facts relevant to the petition are not in dispute. Plaintiff purchased an insurance policy from defendant that provided coverage for his house, other structures on his property, personal property, and loss of use for up to 12 months. The policy also included "extended dwelling coverage," which provided additional coverage of 50 percent to pay for unexpected repair or rebuilding costs that exceeded the base amount of coverage for the house.

A fire completely destroyed plaintiff's house and its contents and damaged other structures on the property. Plaintiff and defendant disagreed about what was owed under the policy. In particular, the parties disagreed about whether plaintiff was entitled to the extended dwelling coverage without having to first actually replace the house. Plaintiff contended that he had entered into an oral agreement with one of defendant's large-loss adjusters that obligated defendant to pay the full dwelling coverage under the policy, including the extended dwelling coverage. According to plaintiff, the oral contract provided that defendant would pay plaintiff "the full replacement cost of [plaintiff's] Home up to the express limits of The Policy, including its enhanced coverage[.]"

Plaintiff brought an action for breach of contract against defendant, based on its failure to pay the extended dwelling coverage. Defendant responded with a counterclaim for breach of contract, alleging that plaintiff had

misrepresented the value of various fixtures that had been destroyed in the fire. Defendant asserted that, under the terms of the underlying policy of insurance, the policy is void if the insured willfully conceals or misrepresents facts material to the insurance and the insurer relies on those misrepresentations.

After a lengthy and complicated trial, the jury returned a special verdict finding for plaintiff on his breach of contract claim and assessing damages in the amount of the limits of the extended dwelling coverage. The jury also found for defendant on the counterclaim, however.

The trial court declined to enter a judgment awarding plaintiff any damages. The court concluded that, in light of the jury's findings on the counterclaim, the insurance policy had been voided, and as a result, it was defendant who was entitled to a judgment for all payments that it had made under the policy up to that time.

Plaintiff appealed. The Court of Appeals concluded that the trial court had erred in even sending the counterclaim to the jury because there was no evidence that defendant had reasonably relied on any misrepresentations by plaintiff. *Masood v. Safeco Ins. Co. of Oregon*, 275 Or App 315, 365 P3d 540 (2015). In consequence, the court concluded, there was no basis for voiding the policy and failing to enter judgment for plaintiff in the full amount of the extended dwelling coverage. The court reversed the judgment in defendant's favor on the counterclaim and remanded the case to the trial court with instructions to enter judgment for plaintiff in the amount of the jury's award.

Defendant petitioned this court for review, and plaintiff filed a response to that petition. We ultimately denied defendant's petition. *Masood v. Safeco Ins. Co. of Oregon*, 359 Or 525, 379 P3d 515 (2016). Plaintiff now seeks an award of $30,771 in attorney fees incurred before this court, consisting of $24,501.50 for fees in responding to defendant's petition for review and $6,269.50 for fees in preparing the petition for attorney fees. He contends that, given the Court of Appeals' decision, he is the prevailing party on appeal and is entitled to fees under ORS 742.061. He asserts that he satisfied all the requirements for an award of fees

under that statute. Specifically, he contends that he prevailed on his action on the policy and, in addition, prevailed on defendant's counterclaim.

Defendant objects to an award of fees under ORS 742.061(1). First, defendant asserts that plaintiff did not prevail in an action on the policy, as the statute requires. Defendant argues that plaintiff's action was for breach of a new, separate oral agreement with its large-loss adjuster, not on the policy itself. Second, defendant argues that plaintiff's "alternate theory" that he is entitled to fees based on his success in defeating defendant's counterclaim likewise is insufficient to justify an award of fees under ORS 742.061(1). In defendant's view, in defeating that counterclaim, plaintiff failed to "recover" anything, as the statute requires.

We begin with the parties' contentions about whether plaintiff prevailed in an action "upon [a] policy of insurance," because it is dispositive. ORS 742.061(1) provides that, subject to exceptions not pertinent to this case, if a plaintiff files a proof of loss with an insurer and settlement is not made within six months, the plaintiff is entitled to an award of attorney fees if the plaintiff brings an action "in any court of this state upon any policy of insurance of any kind or nature," and the plaintiff's recovery in that action exceeds the amount of any tender that the defendant made in that action. In this case, there is no dispute that plaintiff filed a proof of loss, and no settlement occurred within six months. Likewise, there is no dispute that the total amount that plaintiff recovered exceeds any amount that defendant may have tendered in this case. The issue is whether plaintiff's subsequent action was one "upon [a] policy of insurance" within the meaning of the statute.

This court's decision in *Travelers Insurance Co. v. Plummer*, 278 Or 387, 563 P2d 1218 (1977), is instructive on that issue. In that case, the Plummers were involved in an automobile accident. Travelers, their insurer, paid them under their policy, in return for a "loan receipt" that required them to pursue claims against any third persons liable for their loss and to repay Travelers if they recovered their damages. The Plummers then initiated a successful action against the third party who had caused the accident.

They tendered their recovery to Travelers, but deducted from that recovery one-third as the fee for the attorney who represented them in that action. Travelers objected to the deduction and initiated an action to require the Plummers to return the full amount of their recovery from the third party. The Plummers ultimately prevailed, and the trial court awarded attorney fees under the predecessor statute to ORS 742.061(1). Travelers appealed the attorney fee award, arguing that the Plummers had not recovered in an action "upon any policy of insurance" within the meaning of that statute. According to Travelers, the action had been based on the separate loan receipt, not the policy of insurance. *Id.* at 389-92.

This court rejected Travelers' argument. "The decisive question," the court explained, "is the source of the insured's claim." *Id.* at 392. In that case, the source of the insured's claim was "the insurance policy, as it would be if the company had never advanced the money and thereafter demanded its return." *Id.*; *see also Williams v. Stockman's Life Ins.*, 250 Or 160, 172, 441 P2d 608 (1968) (insured was entitled to attorney fees under predecessor to ORS 742.061 after prevailing in action with "declaratory judgment overtones," because the "essential nature" of the action was to recover under the insurance policy).

The determinative question is thus the source of the insured's claim. In this case, the source of plaintiff's claim for extended dwelling coverage unmistakably is the policy of insurance that plaintiff purchased from defendant. No doubt, there was a separate oral agreement between plaintiff and defendant's large-loss adjuster. But the very terms of that oral agreement referred to, incorporated, and were predicated on the underlying policy. The subject of that agreement was the policy, and the agreement cannot fairly be understood without reference to that policy. It was that defendant would pay to plaintiff "the full replacement cost of [plaintiff's] Home *up to the express limits of The Policy*, including its enhanced coverage." (Emphasis added.)

That plaintiff's was an action "upon [a] policy of insurance" is further demonstrated by defendant's own counterclaim. As we have noted, defendant asserted that,

under its policy of insurance, plaintiff could recover nothing because plaintiff had concealed or misrepresented facts material to determining coverage under that policy. Thus, defendant invoked the very policy it now contends was not at issue as the basis for its contention that plaintiff was not entitled to recover the extended dwelling coverage. Logically, the defense could apply only to the extent that an insured otherwise is entitled to coverage under the policy. *See American Federal Savings v. Rice*, 76 Or App 635, 641, 711 P2d 150 (1985) ("[A] finding of coverage necessarily must precede a finding that the coverage is voided [because of fraud or misrepresentation].").

Because we conclude that plaintiff's action was "upon [a] policy of insurance" within the meaning of ORS 742.061(1), we need not address whether defendant is correct about the insufficiency of plaintiff's "alternative" theory of recovery under the statute, based on his defeat of the counterclaim. Defendant advances no other objection to the requested award of fees.

The petition for attorney fees is allowed. Respondent on review is awarded $30,771 as attorney fees on review. The award is effective upon the circuit court's entry of judgment on remand from the Court of Appeals.