On appellant-cross-respondent's cost bill filed February 29, respondent-cross-appellant's objection to cost bill filed March 11, appellant-cross-respondent's petition for attorney fees filed March 18, appellant-cross-respondent's reply to objection to cost bill filed March 25, respondent-cross-appellant's objection to petition for attorney fees filed May 27, and appellant-cross-respondent's reply in support of attorney fees filed June 24, 2016; petitions for attorney fees and costs allowed in the amount of $516,977.77 in attorney fees and $46,758.35 in costs March 22, 2017

Sohail MASOOD,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

SAFECO INSURANCE COMPANY
OF OREGON,
an Oregon Insurance Company;
*Defendant-Respondent*
*Cross-Appellant,*

*and*

OVERLAND SOLUTIONS, INC.,
*Defendant-Respondent,*

*and*

A. O. A. WEST, INC.,
an Oregon corporation,
*Defendant.*

Sohail MASOOD,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

SAFECO INSURANCE COMPANY
OF OREGON,
an Oregon Insurance Company,
*Defendant-Respondent*
*Cross-Appellant,*

*and*

A. O. A. WEST, INC.,
an Oregon corporation,
*Defendant.*

Clackamas County Circuit Court
CV09070070, CV10060761;
A149925 (Control), A149926

393 P3d 277

David W. Axelrod and Schwabe Williamson & Wyatt P.C., for petitions.

David W. Axelrod, Sara Kobak, Jordan R. Silk, and Schwabe Williamson & Wyatt P.C., for replies.

R. Daniel Lindahl, John A. Bennett, and Bullivant Houser Bailey PC, for responses.

Before Armstrong, Presiding Judge, and Egan, Judge, and Nakamoto, Judge pro tempore.

## ARMSTRONG, P. J.

Plaintiff, who prevailed on appeal, petitions for an award of $624,561.02 in attorney fees and $46,758.35 in costs. Defendant Safeco Insurance Company of Oregon (defendant) raises four objections to plaintiff's petitions, contending that plaintiff is not entitled to an award of attorney fees and, in all events, that three components of his fee and cost requests should be denied. As explained below, we conclude that plaintiff is entitled to an award of attorney fees, but we agree with defendant on two of its attorney-fee objections and, accordingly, award fees in an amount $107,583.25 less than plaintiff requested.

We briefly summarize the facts of the case, which stem from a fire that destroyed plaintiff's house and damaged surrounding buildings. Plaintiff had purchased an insurance policy from defendant that included extended dwelling coverage for loss of the house due to fire. The parties disagreed on whether plaintiff was entitled to recover amounts due under the extended dwelling coverage before plaintiff replaced the house. According to plaintiff, defendant's adjuster orally agreed that defendant would pay the full replacement value of the house, including the extended dwelling coverage, without regard to whether the house had first been replaced. Defendant subsequently refused to pay the extended coverage, and plaintiff filed suit for breach of contract. Defendant counterclaimed for breach of contract, alleging that plaintiff had misrepresented the value of certain components of the house, that defendant had relied on those misrepresentations in paying plaintiff under the insurance policy, that the insurance policy was void as a result of the misrepresentations by plaintiff on which defendant had relied, and, as a result, that defendant was entitled to recover from plaintiff the money that it had paid plaintiff on the policy.

Plaintiff moved for a directed verdict on defendant's counterclaim at the close of defendant's case on the ground that defendant had failed to introduce sufficient evidence to support a finding that it had reasonably relied on plaintiff's misrepresentations. The trial court denied plaintiff's directed-verdict motion. The jury returned a special verdict

that found that plaintiff was entitled to the full amount of his damages from the fire, including the extended dwelling coverage, but that also found on defendant's counterclaim that plaintiff had misrepresented material facts to defendant on which defendant had detrimentally relied. Based on the verdict, the trial court entered a judgment in defendant's favor for the amount that defendant had paid plaintiff under the policy.

Plaintiff appealed, contending, among other things, that the trial court had erred in denying his directed-verdict motion on defendant's counterclaim. We agreed with plaintiff and remanded the case to the trial court to enter a judgment in plaintiff's favor for the amount of damages awarded by the jury. *Masood v. Safeco Ins. Co. of Oregon*, 275 Or App 315, 364, 365 P3d 540 (2015), *rev den*, 359 Or 525 (2016) (*Masood I*).

Defendant petitioned for review of our decision by the Supreme Court, which denied review. *Masood v. Safeco Ins. Co. of Oregon*, 359 Or 525, 379 P3d 515 (2016). Plaintiff thereafter petitioned the Supreme Court for an award of the attorney fees that he had incurred in responding to the petition for review, relying on ORS 742.061(1) as authority for the award. Defendant opposed the award, arguing that ORS 742.061(1) did not apply to the claims on which plaintiff had prevailed and, hence, that plaintiff was not entitled to recover its fees. The Supreme Court rejected defendant's argument and awarded plaintiff the attorney fees that he sought. *Masood v. Safeco Ins. Co. of Oregon*, 360 Or 638, 644, 386 P3d 646 (2016) (*Masood II*).

With that background in mind, we turn to plaintiff's petition for attorney fees and costs in this court. Defendant raises four objections to plaintiff's petitions. First, defendant challenges plaintiff's entitlement to recover attorney fees under ORS 742.061(1). That is the challenge that the Supreme Court has already rejected in awarding attorney fees to plaintiff, *see Masood II*, 360 Or at 644, and we reject it as well.

Second, defendant challenges $92,583.25 in "deferred payment charges" that are included in plaintiff's attorney-fee petition. Defendant contends that the charges represent

interest that plaintiff's attorneys charged plaintiff for failing to timely pay them for their work and, as such, they are not recoverable as attorney fees. Plaintiff responds that the charges represent an amount that he incurred for the work performed by his attorneys and, hence, are recoverable under ORS 742.061(1). As explained below, we agree with defendant's objection and award fees in an amount $92,583.25 less than plaintiff requested.

Third, defendant objects, and plaintiff concedes, that a $15,000 fee charged by plaintiff's attorneys was a fee paid to an expert witness and not a fee that plaintiff can recover from defendant. We accept plaintiff's concession and reduce plaintiff's fee award accordingly.

Finally, defendant objects to approximately $32,000 in transcript costs that represent the cost to produce daily transcripts at trial. Because, as explained below, the parties agreed that the daily transcripts would be the record on appeal, we conclude that plaintiff is entitled to recover the cost of those transcripts.

As noted, defendant objects to the deferred payment charges that are included in plaintiff's attorney-fee petition. Plaintiff contends that, because he incurred the charges as part of the cost of his representation by his attorneys, and ORS 742.061 is intended "to make insureds whole," the charges should be recoverable as part of the attorney-fee award.[1] We are not persuaded. Had plaintiff borrowed money from a bank to pay his attorneys for their work, the interest paid to the bank would not be recoverable from defendant. The result should not be different when the interest is charged by plaintiff's law firm rather than a bank. Thus, we deduct from the fee request the $92,583.25 in deferred payment charges.

We turn to the dispute over the cost of the transcript. The three parties involved in the trial (one of which,

---

[1] As support for his position, plaintiff relies on an unpublished order of this court that included deferred payment charges in an attorney-fee award. The statute on which we relied to award those charges, *former* ORS 197.352(6) (2005), *repealed by* Or Laws 2007, ch 424, § 4, is materially different from the statute at issue in this case, ORS 742.061(1), and we are not persuaded that our unpublished order provides any authority on the issue.

A.O.A. West, Inc., did not participate in the appeal) split the cost for a court reporter to prepare and deliver expedited draft transcripts after each day of the trial, commonly referred to as "dailies," so that the trial attorneys for each of the parties could use them at trial. Thus, plaintiff agreed to pay one-third of the cost of the dailies, which are more expensive than transcripts prepared in the normal course. The parties also agreed that the "stenographic reporting * * * shall be the official record for the purposes of a transcript on appeal," instead of the audio recording usually made in the trial court. There was nothing in the agreement among the parties that addressed whether a prevailing party on appeal could recover the cost of the dailies. The dailies ultimately were corrected and became the basis for the final trial transcript that was filed and used on appeal.

Plaintiff now seeks his share of the cost of the dailies—$32,746.15—in addition to the cost of obtaining final trial transcripts and transcripts of other proceedings required for the appeal, which totals $13,273.80. Defendant objects to the expense of the dailies on two grounds.

First, it argues that the cost of dailies is not a recoverable cost under ORS 20.310(2), which provides:

"Costs and disbursements on appeal * * * are the filing or appearance fee, the reasonable cost for any bond or irrevocable letter of credit, the prevailing party fee provided for under ORS 20.190, the printing, including the excerpt of record, required by rule of the court, postage for the filing or service of items that are required to be filed or served by law or court rule, and *the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal.*"

(Emphasis added.) In defendant's view, the dailies were for use at trial and were not "necessarily" incurred to create the record on appeal. Second, defendant argues that plaintiff's request is inconsistent with the cost-sharing agreement among the parties to pay for the dailies because the parties said nothing in their agreement about whether the prevailing party could seek the expense of that party's share of the dailies as a cost on appeal.

Plaintiff responds by emphasizing that the parties agreed to hire a court reporter to prepare dailies for two purposes, for use both at trial *and* on appeal. He argues that the transcript is a recoverable cost because it ultimately was needed for the appeal and was prepared in part for use on appeal, and he cites subsections (2) and (5) of ORS 21.345 as support for his argument. As relevant, those subsections provide:

> "(2) Except as provided in subsection (3) of this section, a reporter employed by one of the parties may charge fees as agreed to between the reporter and all of the parties to the proceeding for preparing transcripts on appeal. The reporter and the parties must agree to the fees to be charged before the commencement of the proceeding to be recorded. A share of any fees agreed upon shall be charged to parties joining the proceeding after the commencement of the proceeding.

> "(5) Except as otherwise provided by law, *the fees for preparing a transcript requested by a party shall be paid forthwith by the party, and when paid shall be taxable as disbursements in the case.*"

ORS 21.345 (emphasis added). Thus, plaintiff concludes, he entered into an agreement for paying the reporter and paid his share consistently with ORS 21.345(2), and now his share of the transcript fees is an allowable cost, as provided in ORS 21.345(5). Plaintiff argues that, although he agreed to share payment, he never waived his right to request reimbursement of his share as costs, nor did any party suggest that the sharing agreement would constitute a waiver of a right to recover the transcript fees as costs. Finally, plaintiff notes that defendant sought its share of the dailies as a cost in the trial court under ORCP 68 A.

There is little case law on the subject. The only Oregon case on dailies is *Klutschkowski v. PeaceHealth*, 245 Or App 524, 263 P3d 1130 (2011), *aff'd in part and rev'd in part on other grounds*, 354 Or 150, 311 P3d 461 (2013). There, we held that dailies were not recoverable as costs in the trial court under ORCP 68 A because a clause in *former* ORS 21.470 (2009), *renumbered as* ORS 21.345 (2011), authorized recovery of costs for preparing transcripts on appeal but not at trial. 245 Or App at 549-51.

Although the statutory clause at issue in *Klutschkowski* is identical to the italicized clause in ORS 21.345(5) quoted above, that case does not dictate our decision on the requested transcript costs in this case. That is because (1) plaintiff seeks costs on appeal under ORS 20.310(2), not under ORCP 68 A in a trial court; (2) indisputably, the entire transcript in this case was required for the appeal; (3) the parties agreed that the dailies would be the record on appeal; and (4) the requirement in ORS 20.310(2) appears satisfied. In accordance with ORS 20.310(2), the transcript of trial testimony, and plaintiff's expense for that transcript (including his share for the dailies), was necessary for the appeal because the reporter used the dailies to file the final transcript as the record of the trial on appeal. Accordingly, we conclude that plaintiff is entitled to the full $46,758.35 in costs that he seeks.

In sum, we agree with two of defendant's objections and, accordingly, award attorney fees in an amount $107,583.25 less than plaintiff requested, but otherwise reject defendant's objections to plaintiff's request for an award of attorney fees and costs.

Petitions for attorney fees and costs allowed in the amount of $516,977.77 in attorney fees and $46,758.35 in costs.